**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jeffrey LITTLEJOHN, Defendant–
Appellant.**

No. 99–50417.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 7, 2000

Filed Sept. 11, 2000

Gretchen Fusilier, Carlsbad, CA, for defendant-appellant.

Jerome H. Friedberg, Assistant United States Attorney, Los Angeles, CA, for plaintiff-appellee.

Before: NOONAN, TROTT, and BERZON, Circuit Judges.

TROTT, Circuit Judge:

Appellant Jeffrey Littlejohn appeals his conviction and sentence for distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1). Littlejohn pled guilty pursuant to a plea agreement with the government, under which twelve counts of a thirteen-count indictment were dismissed in exchange for the plea. Littlejohn argues that both his acceptance of the plea agreement and his actual plea were involuntary. He also contends that the district court failed sufficiently to state on the record the reasons for choosing the sentence it imposed. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. Although we conclude that the district court was required to warn Littlejohn that by pleading guilty he would suffer ineligibility for certain food stamp and social security benefits under 21 U.S.C. § 862a, we AFFIRM Littlejohn's conviction and DISMISS his appeal from the sentence imposed by the district court. We note that the importance of this case is that we identify a new consequence of certain convictions that must be included in the information imparted to a defendant pleading guilty to specified felony offenses in order to render that plea knowing and voluntary.

## BACKGROUND

Littlejohn entered into a favorable plea agreement that allowed him to plead guilty to one count of cocaine base distribution in exchange for, among other things, the government's agreement to stipulate to, and recommend, that Littlejohn receive a 240-month sentence instead of the possibility of life in prison. In addition, the plea agreement provided for a mutual waiver of appeal as to the sentence imposed. In his waiver, Littlejohn specifically "[gave] up the right to appeal any sentence imposed, and the manner in which the sentence is determined, provided that [he] is sentenced within the statutory maximum and his term of imprisonment is 240 months or less."

Littlejohn signed a statement indicating that he voluntarily agreed to the terms of the plea agreement and that his attorney had advised him "of the consequences of entering into this agreement." Littlejohn's attorney also signed a statement providing that she had "fully advised [Littlejohn] of his rights, of possible defenses, of the statutory minimum sentence and the Sentencing Guideline provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one."

At his plea hearing, Littlejohn informed the court that he was pleading freely and voluntarily, a statement confirmed by his own attorney. The court advised Littlejohn of all matters required by Federal Rule of Criminal Procedure ("Fed. R.Crim. P.") 11(c) ("Rule 11(c)"),[1] the provision governing the advice a district court must give to a defendant pleading guilty. The court established a factual basis for the plea and entered a finding that Littlejohn pled guilty voluntarily and "with a full understanding of the nature of the charge and the consequences of the plea."

Littlejohn's Pre–Sentencing Report ("PSR") included a section on the "Denial of Federal Benefits," an issue discussed neither in the plea agreement nor at Littlejohn's plea hearing. The PSR stated that, under United States Sentencing

---

**1.** Because Littlejohn's plea hearing occurred on February 10, 1999, the hearing was not governed by the newly added Federal Rule of Criminal Procedure 11(c)(6) (effective December 1, 1999), which requires that a district court determine that a defendant understands "the terms of any provision in a plea agreement waiving the right to appeal or to collaterally attack the sentence." *See United States v. Maree,* 934 F.2d 196, 200 (9th Cir.1991) (version of Rule 11 applicable at time of plea hearing governs on appeal). In his appeal, Littlejohn presents no argument based upon Rule 11(c)(6).

Guideline ("U.S.S.G.") section 5F1.6, the court "may deny eligibility for certain Federal benefits of any individual convicted of distribution or possession of a controlled substance," and that, "[p]ursuant to 21 U.S.C. § 862(a)(1)(C), upon a third or subsequent conviction for distribution of a controlled substance, the defendant shall be permanently ineligible" for such benefits, unless ineligibility is suspended by the court under 21 U.S.C. § 862(c). Elsewhere, the PSR listed Littlejohn's three prior California convictions for "possession of a controlled substance for sale," and two prior California convictions for "possession of a controlled substance."

At sentencing, the district court noted that "[t]here is a recommendation in here [that] the defendant, having sustained a third conviction for distribution of a controlled substance, is permanently ineligible for all federal benefits as defined at 21 U.S.C. 862(d) until such time as the Court may suspend the ineligibility." However, the court and both parties expressed uncertainty about the issue of federal benefit ineligibility, and the court stated that it was reluctant to impose the ineligibility. Ultimately, the court concluded that it did not have to include the ineligibility in the judgment and commitment order, and refused to do so. The court closed its discussion of the issue by stating that "[i]f I had the discretion—we haven't fully plumbed this issue—I would suspend the ineligibility because I think it's counterproductive to rehabilitation." Littlejohn made no attempt to argue before the district court that the failure to mention federal benefit ineligibility at the time of the plea hearing or in the text of the plea agreement affected the voluntariness of either his entrance into the plea agreement or his eventual guilty plea.

The district court sentenced Littlejohn to 240 months of imprisonment—in accord with the parties' agreement—but gave little explanation of its sentencing decision. After confirming that 240 months was the amount of time settled upon by the parties,

the court stated "I am agreeable. Is there anything else that needs to be said?" Littlejohn's attorney made no indication at that time that she considered the district court's statement inadequate in terms of 18 U.S.C. § 3553(c), which requires district courts to "state in open court" the reasons for imposing a sentence at a particular point within the applicable guidelines range. Later, the court said that "[p]ursuant to 18 U.S.C. § 3553(c)(1) I have stated why I've selected the point. I think it's more than sufficient to address the crimes at issue—crime at issue."

## DISCUSSION

■ The voluntariness of Littlejohn's guilty plea is reviewed de novo. *United States v. Kikuyama*, 109 F.3d 536, 537 (9th Cir.1997). The validity of Littlejohn's waiver of the right to appeal is reviewed de novo. *United States v. Aguilar–Muniz*, 156 F.3d 974, 976 (9th Cir.1998). Whether the trial court's colloquy with Littlejohn satisfied the requirements of Rule 11 of the Federal Rules of Criminal Procedure is reviewed de novo. *United States v. Crawford*, 169 F.3d 590, 592 (9th Cir.1999).

On appeal, Littlejohn argues that his lack of warning concerning ineligibility for federal benefits rendered involuntary his entrance into the plea agreement, the waiver of appeal included therein, and his eventual guilty plea. This question appears to be one of first impression in this circuit. He also argues that the court failed to satisfy the mandate of 18 U.S.C. § 3553(c) in its selection of a 240–month sentence. He seeks a remand for repleading or, in the alternative, re-sentencing. The government responds by asserting that this court should review Littlejohn's claims, at most, under a plain error review, that the district court was not required to warn Littlejohn of ineligibility for federal benefits, that any error was harmless under Fed.R.Crim.P. 11(h), and that Littlejohn waived any appeal of his sentence by entering into the plea agreement.[2]

---

2. The government concedes in its brief, and

we agree, that while Littlejohn's plea agree-

■ Whether Littlejohn's failure to raise the issue of noncompliance with Rule 11 at the district court level could be characterized as a "waiver" or a "forfeiture" is unimportant, because in *United States v. Odedo,* 154 F.3d 937 (9th Cir.1998), we concluded that the "harmless error" standard of Rule 11(h) "applies to all Rule 11 errors, regardless of whether they were ever raised before the district court." *Id.* at 940. Here, we ultimately conclude that the district court committed only harmless error in Littlejohn's case because the error did not have any effect on his "substantial rights." Furthermore, we dismiss and refuse to consider Littlejohn's challenge to the district court's alleged noncompliance with 18 U.S.C. § 3553(c) at sentencing because he waived his right to appeal this issue.

### A. Rule 11 and Direct and Collateral Consequences

■ The district court complied with the literal mandates of Rule 11(c) in advising Littlejohn. Prior to a 1974 amendment of Rule 11(c), the rule required district courts to determine that a defendant understood "the nature of the charge and the consequences of the plea." Fed. R.Crim.P. 11 (Advisory Committee notes to 1974 Amendment). Following the amendment, which became effective in 1975, Rule 11(c) provided district courts an explicit list of issues that defendants must be advised of prior to pleading guilty. Notwithstanding this amendment of the rule, district courts in this circuit still must inform defendants pleading guilty of the direct consequences of their plea and resulting conviction, in addition to the warnings required by the explicit language of Rule 11(c). *See, e.g., United States v. Wills,* 881 F.2d 823, 825 (9th Cir.1989); *United States v. King,* 618 F.2d 550, 552 (9th Cir.1980). The due process requirement of a voluntary guilty plea demands as much. *See Wills,* 881 F.2d at 825; *see also Torrey v. Estelle,* 842 F.2d 234, 235 (9th

Cir.1988) ("A plea of guilty is voluntary only if it is entered by one fully aware of the direct consequences of his plea.") (quotation and citation omitted). On the other hand, district courts need not advise defendants of the collateral consequences of their guilty plea. *See id.*

■ This court has described direct consequences as consequences that have "a definite, immediate and largely automatic effect on the range of the defendant's punishment." *Id.* at 236 (quotation and citation omitted). Collateral consequences, on the other hand, have included the possibility of a felony prosecution for reentry following deportation, *United States v. Chavez–Huerto,* 972 F.2d 1087 (9th Cir.1992) (non-Rule 11 case discussing, by analogy to Rule 11 case law, what Immigration Judge must tell alien during deportation proceedings); imposition of a consecutive rather than concurrent sentence where the district court has discretion to choose between the two, *Wills,* 881 F.2d 823; the possibility of being resentenced to a maximum term if a state agency determines that the defendant is not amenable to treatment, *Torrey,* 842 F.2d 234; exposure to potential civil tax litigation, *King,* 618 F.2d 550; revocation of parole from a separate conviction where such revocation is within the power of a parole board, *Sanchez v. United States,* 572 F.2d 210 (9th Cir.1977); and the potential of deportation, where a separate agency has authority over such deportation, *Fruchtman v. Kenton,* 531 F.2d 946 (9th Cir.1976) (case arising under the pre–1974 Amendment Rule 11(c)). Thus, where the consequence is contingent upon action taken by an individual or individuals other then the sentencing court—such as another governmental agency or the defendant himself—the consequence is generally "collateral." *See Kikuyama,* 109 F.3d at 537; *Torrey,* 842 F.2d at 236.

---

ment included a waiver of his right to appeal his *sentence,* nowhere did he give up his right to appeal his *conviction.*

The direct/collateral analysis in Littlejohn's case must focus on two separate statutory provisions: 21 U.S.C. § 862(a), to which the PSR referred, ("subsection 862(a)") and 21 U.S.C. § 862a ("section 862a"), which the PSR ignored. Although the identifying numbers of these sections are virtually identical, the latter lacking only parentheses around the "a," the sections create different ineligibilities.

 Subsection 862(a) provides that "[a]ny individual who is convicted of any Federal or State offense consisting of the distribution of controlled substances *shall . . . upon a third or subsequent conviction for such an offense be permanently ineligible* for all Federal benefits." 21 U.S.C. § 862(a)(1)(C) (1999) (emphasis added). "Federal benefit" is defined as "the issuance of any grant, contract, loan, professional license, or commercial license provided by an agency of the United States or by appropriated funds of the United States," *id.* § 862(d)(1)(A), but does not include "any retirement, welfare, Social Security, health, disability, veterans benefit, public housing, or other similar benefit, or any other benefit for which payments or services are required for eligibility," *id.* § 862(d)(1)(B). Ineligibility under subsection 862(a) may be suspended under 21 U.S.C. § 862(c), contingent upon rehabilitation or attempts at rehabilitation, a situation not presented by Littlejohn's circumstances at this time. As a point of interest, although again inapplicable to Littlejohn's case, the ineligibility provided for in 21 U.S.C. § 862 does not apply "to any individual who cooperates or testifies with the Government in the prosecution of a Federal or State offense or who is in a Government witness protection program." 21 U.S.C. § 862(e).

Section 862a, on the other hand, is a separate benefit ineligibility provision for certain drug offenders. It provides that

[a]n individual convicted (under Federal or State law) of any offense which is classified as a felony by the law of the jurisdiction involved and which has as an element the possession, use, or distribution of a controlled substance (as defined in section 802(6) of this title) shall not be eligible for ... assistance under any state program funded under part A of title IV of the Social Security Act [42 U.S.C.A. § 601 et seq.], or ... benefits under the food stamp program (as defined in section 3(h) of the Food Stamp Act of 1977 [7 U.S.C.A. § 2012(h)]) or any State program carried out under the Food Stamp Act of 1977 [7 U.S.C.A. § 2011 et seq.].

21 U.S.C. § 862a(a) (1999). Although neither the PSR nor the district court mentioned the applicability of section 862a at any time in the proceedings below,[3] both it and subsection 862(a) plainly apply to Littlejohn.

As should be clear from the language of both subsection 862(a) and section 862a, Littlejohn's conviction automatically strips him of benefits under both sections. In the case of subsection 862(a), this is so because Littlejohn has three prior state convictions for possession of a controlled substance for sale. *See* 21 U.S.C. § 862(a)(1)(C). With regards to section 862a, he is stripped of benefits through his conviction for distribution of cocaine base at issue in this case, irrespective of his prior state law convictions. Because these sections automatically affect the range of Littlejohn's punishment, they are "direct" consequences.

The government argues, at least with respect to subsection 862(a), that the benefit-stripping effect is collateral because (1) it is dependent upon the future actions of independent agencies who actually deny the benefits, (2) in the future, Littlejohn may qualify for suspension of ineligibility through rehabilitation under 21 U.S.C. § 862(d), and (3) Littlejohn has not shown that he is otherwise already eligible for

---

**3.** Perhaps this is not surprising, in light of the fact that United States Sentencing Guideline section 5F1.6, titled "Denial of Federal Benefits to Drug Traffickers and Possessors," refers only to 21 U.S.C. § 862.

the benefits at issue. The government misses the point. It is ineligibility itself that is an automatic product of subsection 862(a)'s application, not a later actual denial of benefits, suspension of ineligibility, or the entirely irrelevant question of whether a defendant is eligible or ineligible for the benefits at the time that subsection 862(a) is triggered. *Cf. Carter v. McCarthy,* 806 F.2d 1373, 1376 (9th Cir. 1986) (in rejecting government's attempt to argue that parole is not mandatory due to statutory provision allowing Board of Prison Terms to waive parole, stating that "[w]aiver ... is a positive act solely within the discretion of the Board, in the absence of which the parole remains mandatory"). The ineligibility itself is not a result of other governmental agencies' actions, and it is not dependent upon Littlejohn's own future conduct. It is an automatic product of Littlejohn's conviction. In other words, it is a "direct" consequence of his conviction.

■■■ The Eleventh Circuit in *United States v. Morse,* 36 F.3d 1070, 1072 (11th Cir.1994), concluded that federal benefit ineligibility was not a direct consequence of the appellant's conviction, but was instead collateral. *Morse,* however, is distinguishable. Although the Eleventh Circuit did not reference subsection 862(a) in its opinion, *Morse* dealt only with *potential* ineligibility. *See* 36 F.3d at 1072 ("We believe that advice as to a potential loss of federal benefits for a temporary period of time is akin to advice concerning possibility of deportation and possibility of ineligibility for parole and that such advice is a collateral consequence of pleading guilty."). Were Littlejohn's case governed by subsections 862(a)(1)(A) or (B), we would be faced with a similar case. Subsections 862(a)(1)(A) and (B) allow courts to exercise discretion in deciding whether to impose Federal benefit ineligibility for those individuals convicted once or twice, respectively, of distributing controlled substances. *See* 21 U.S.C. § 862(a)(1)(A), (B); *see also* U.S.S.G. § 5F1.6 (background note). On the contrary, subsection 862(a)(1)(C)—applicable in Littlejohn's cir-

cumstances but not, evidently, in Morse's—by its terms allows for no such discretion. Subsection 862(a)(1)(C) is designed so that once a defendant is convicted a third time for a controlled substances distribution offense, the question of ineligibility is no longer in the sentencing judge's hands.

■■■ Notwithstanding that ineligibility under both subsection 862(a) and section 862a is a direct consequence of Littlejohn's present conviction, we conclude that a district court need only advise a defendant of section 862a ineligibility in order to ensure the voluntariness of a guilty plea. Although federal benefit ineligibility under subsection 862(a) is automatic and "direct" in Littlejohn's case in light of his particular criminal history, under the current procedural timeline in federal criminal cases, a district court judge will normally have no reason to know of this effect at the time of a Rule 11 plea hearing because the PSR detailing a defendant's criminal history is not prepared until one is necessary—after a defendant has pled guilty and been convicted. As it stands now, it is frequently not until several months after a defendant's guilty plea that a district court will receive a PSR and learn of the information contained within it.

Our conclusion that a district court need not, at the time of the Rule 11 plea hearing, advise a defendant of the effects of subsection 862(a) is in line with two other cases in this circuit: *United States v. Maree,* 934 F.2d 196 (9th Cir.1991), and *United States v. Selfa,* 918 F.2d 749 (9th Cir.1990). *Maree* and *Selfa* both dealt with consequences that, in all respects, would appear to be "direct" in that they have a definite, immediate and largely automatic effect on the range of the defendant's punishment. *See Maree,* 934 F.2d 196 (district court need not advise defendant of minimum sentence required under the sentencing guidelines); *Selfa,* 918 F.2d 749 (district court need not advise defendant that he could be sentenced as career criminal where criminal record indicated that he

would indeed be so sentenced). Both cases held that these consequences need not be part of a district court's Rule 11(c) warnings. *See Maree*, 934 F.2d at 200–01; *Selfa*, 918 F.2d at 752.

The *Maree* and *Selfa* courts focused on the fact that, at the time of a plea hearing, district court judges are not aware of the facts necessary to determine such apparently "direct" consequences of the sentencing guidelines. *See Maree*, 934 F.2d at 200 ("In a practical sense, it would be impossible for a court to inform a defendant of the minimum sentence available under the Guidelines. The presentence report, which is not prepared prior to the entrance of a guilty plea, is essential to the court's formulation of the relevant sentencing factors."); *Selfa*, 918 F.2d at 752 ("[U]nder the Guidelines, the district court regrettably is usually not in a position at the time of a plea to advise the defendant with any precision as to the range within which the sentence might fall.").

The feasibility of warnings was an issue specifically considered in the 1974 Amendment to Rule 11(c). *See* Fed.R.Crim.P. 11(c) (Advisory Committee Notes to 1974 Amendment) (in discussing requirement that district court warn defendant of mandatory minimum and potential maximum sentence, stating that "[t]his information is usually readily ascertainable from the face of the statute defining the crime, and thus it is feasible for the judge to know specifically what to tell the defendant"); *id.* (in rejecting the idea that judges must inform defendants of parole eligibility, stating that "[a]t the time [of the plea] the judge will usually not have seen the presentence report and thus will have no basis for giving a defendant any very realistic advice as to when he might be eligible for parole"). The same practical consideration holds true with respect to the effects of subsection 862(a) in Littlejohn's case.

*United States v. Myers*, 451 F.2d 402 (9th Cir.1972), is not to the contrary. The *Myers* court held that a defendant must be advised of a statutorily-mandated consecutive sentence because it was "a factor that necessarily affected [the defendant's] maximum imprisonment." *Id.* at 404. The mandatory consecutive sentence in *Myers* arose because of the collateral fact of state confinement. In dicta, the court indicated that this collateral fact

> is not different from that of a defendant who is subject to a recidivist statute which makes the length of imprisonment depend upon the collateral fact of a prior conviction. Authorities considering the recidivist problem agree that a plea is not voluntary unless the defendant has been advised of the possibility of enhanced punishment based on his prior offenses.

*Id.* at 404–05 (citations omitted). Two points convince us that this dicta in *Myers* is not inconsistent with our holding based on *Maree* and *Selfa*.

First, *Myers* was decided based upon the pre–1975 language of Rule 11(c). That language required a district court to warn a defendant of "the nature of the charge and the consequences of the plea." This circuit's cases since Rule 11(c)'s amendment under the direct/collateral dichotomy, as qualified by *Maree* and *Selfa*, indicate that the *Myers* court's suggestion is no longer applicable. Where recidivism is not discovered until after the Rule 11 hearing takes place, a district court cannot provide any meaningful warnings related to recidivist issues at the time of the plea hearing itself.

Second, our focus on what the district court knows at the time of the plea hearing is consistent with the actual matter decided in *Myers*. In the process of concluding that Myers should have been informed of the statutorily-mandated consecutive sentence based upon his collateral state custody, we noted that the court conducting Myers's plea hearing "was aware that at all pertinent times Myers was in state custody." *Id.* at 403. Here, because the district court did not know of Littlejohn's prior convictions, nor had any reason to have such knowledge, we conclude that the district court bore no duty to inform Littlejohn of subsection 862(a)'s effects.

■ The applicability of section 862a, on the other hand, is in no way reliant on a district court's awareness of any prior convictions. Under section 862a, prior convictions are irrelevant. Once a person is convicted for any offense "classified as a felony by the law of the jurisdiction involved ... which has as an element the possession, use, or distribution of a controlled substance," that person is immediately ineligible for certain types of social security assistance and food stamp benefits. Unlike subsection 862(a), section 862a requires no measure of judicial clairvoyance to determine applicability. Section 862a's consequence is automatic, direct, and does not fit within the exception carved out by *Maree* and *Selfa*. Thus, the district court's failure to warn Littlejohn of its effect was error.

### B. Harmless Error

■ Rule 11(h)'s harmless error review dictates that "[a]ny variance from the procedures required by this rule which does not affect substantial rights shall be disregarded." Fed.R.Crim.P. 11(h). Rule 11 technical failings not affecting substantial rights do not require reversal. *Aguilar–Muniz*, 156 F.3d at 976. We must reverse "if the violation would nullify or dilute important Rule 11 safeguards." *United States v. Gastelum*, 16 F.3d 996, 999 (9th Cir.1994) (quotation and citation omitted). "[T]he kinds of Rule 11 violations which might be found to constitute harmless error upon direct appeal are fairly limited." *United States v. Smith*, 60 F.3d 595, 599 (9th Cir.1995). The critical consideration in Rule 11 harmless error cases is the defendant's actual knowledge at the time of the guilty plea. *See United States v. Vonn*, 211 F.3d 1109, 1112–13 (9th Cir.2000); *United States v. Graibe*, 946 F.2d 1428, 1434 (1991); *see also United States v. Sanclemente–Bejarano*, 861 F.2d 206, 210 (9th Cir.1988) (holding Rule

11 error harmless where, because of defendant's actual knowledge, violation "could not have had any impact on the defendant's decision to plead guilty, or the fairness in holding him to that plea"), *overruled on other grounds by United States v. Fuentes–Mendoza*, 56 F.3d 1113, 1114–16 (9th Cir.1995). "[I]n determining what the defendant knew, we are limited to what the record of the plea proceeding contains." *Graibe*, 946 F.2d at 1434.

■ In the absence of a defendant's actual knowledge, we have previously refused to speculate as to whether a defendant's plea would have been different given such knowledge. *United States v. Kennell*, 15 F.3d 134, 136–38 (9th Cir. 1994). Courts have held that Rule 11 violations are not harmless where a defendant lacks actual knowledge of the charges he faces, *see United States v. Longoria*, 113 F.3d 975, 977 (9th Cir. 1997), of the mandatory minimum he faces, *see, e.g., United States v. Goins*, 51 F.3d 400, 403 (4th Cir.1995), or that he could be sentenced to a term as long as the one he eventually receives, *see Rodriguera v. United States*, 954 F.2d 1465, 1468 (9th Cir.1992), *overruled on other grounds by Fuentes–Mendoza*, 56 F.3d at 1114–16. And in *Carter*, where the facts demonstrated that actual knowledge would have affected the defendant's decision to plead guilty, we held that a failure to inform the defendant of the "direct consequence" of a mandatory parole term was not harmless. 806 F.2d at 1376–77.

Contrary to the government's assertion in a footnote in its brief, section 862a implicates potentially important federal and state assistance and benefits. Section 862a not only renders Littlejohn ineligible for certain types of government assistance and benefits, but, under section 862a(b), also reduces the amount of assistance and benefits his family may receive, in order to reflect his own ineligibility.[4] We have al-

---

4. Section 862a(b) reads, in full:

(b) Effects on assistance and benefits for others

(1) Program of temporary assistance for needy families

The amount of assistance otherwise required to be provided under a State pro-

ready concluded that the effects of section 862a are to be considered a "direct consequence," and that the district court's failure to advise Littlejohn of these effects rendered his guilty plea involuntary. However, the district court's omission simply does not appear to have affected the outcome of the proceedings below—that is, Littlejohn's decision to plead guilty.

The record conclusively demonstrates that a section 862a warning would not have made any difference to Littlejohn's decision to plead guilty. Littlejohn faced a thirteen count indictment. In exchange for his guilty plea, the government not only agreed to dismiss the remaining 12 counts of the indictment, but agreed also to recommend both an offense level reduction for acceptance of responsibility and a 240–month sentence from the range of 235 to 293 months applicable to the one remaining count.

Littlejohn agreed to this deal and gave no indication of any hesitancy to do so. Littlejohn's acceptance of the plea agreement is not surprising. The ten other distribution counts in Littlejohn's indictment each charged him with distributing over 50 grams of a mixture or substance containing cocaine base. These counts would have each carried a statutory maximum of life imprisonment. *See* 21 U.S.C. § 841(b)(1)(A)(iii). The government informed the district court at the plea hearing that, had the case gone to trial and ended in conviction, it would have sought a term of 30 years to life imprisonment because of the statutory maximum and Littlejohn's alleged career offender status. *See* U.S.S.G. § 4B1.1(A).

There is no evidence from the transcript of the plea proceedings alone, *see Graibe*, 946 F.2d at 1434, that Littlejohn had actual knowledge of section 862a's effect on him. However, while Littlejohn's guilty plea was not informed by knowledge of section 862a's consequences, under these circumstances we are persuaded from the record that the outcome would not have been different had he been aware of section 862a's impact at the time he entered his plea. We reach this conclusion through more than just simple speculation.

The loss of benefits first became identified as an issue in Littlejohn's case when the topic was raised in the PSR. We assume that his attorney read the PSR before sentencing. Littlejohn filed no objection, nor did he even broach the issue with the court. The issue did not arise until the district court itself raised it during the sentencing hearing. Littlejohn's silence and his disinterest when the benefits issue did arise is strong evidence that he simply did not care about any loss of benefits. Indeed, Littlejohn's attorney, the judge, and the prosecutor each indicated, albeit incorrectly, that subsection 862(a) covers subsistence benefits similar to those actually covered by section 862a, so that Littlejohn had specific reason to believe that he would be ineligible for such subsistence benefits. Here is the exchange that occurred when the district court raised the issue:

> Ms. Hettle [Counsel for Littlejohn]: I think it has to do with—I don't think it's related to prison benefits. I have a feeling it's related to receiving a federal benefit such as AFDC or welfare.

gram funded under part A of title IV of the Social Security Act [42 U.S.C.A. § 601 et seq.] to the family members of an individual to whom subsection (a) of [section 862a] applies shall be reduced by the amount which would have otherwise been made available to the individual under such part. (2) Benefits under the Food Stamp Act of 1977

The amount of benefits otherwise required to be provided to a household under

the food stamp program (as defined in section 3(h) of the Food Stamp Act of 1977 [7 U.S.C.A. § 2012(h)]), or any State program carried out under the Food Stamp Act of 1977 [7 U.S.C.A. § 2011 et seq.], shall be determined by considering the individual to whom subsection (a) of [section 862a] applies not to be a member of such household, except that the income and resources of the individual shall be considered to be income and resources of the household.

The Court: May be. I do, too. What does it say, Mr. Friedberg?

Mr. Friedberg [Counsel for the Government]: According to the statute, it concerns eligibility for assistance under a state program funded by the Social Security Act.

Littlejohn did not object or move to withdraw his guilty plea. His failure to raise even the slightest peep when the district court and attorneys involved started discussing the possibility that he might be ineligible for subsistence benefits as a result of his conviction convinces us that his guilty plea would not have been affected had he had such knowledge and understanding at the time of the plea hearing.

The overriding consideration driving Littlejohn's decision to plead and to waive his right to appeal was the highly favorable agreement that he would escape exposure to a life sentence. We seriously doubt the sincerity of his desire to start over again and expose himself to a life sentence. We therefore conclude that the district court's error was harmless.

## C. Littlejohn's Waiver of His Right to Appeal Sentencing Issues

 That the district court failed to warn Littlejohn of section 862a's consequences does not mean that Littlejohn involuntarily agreed to the *plea agreement* or the waiver of appeal contained therein. "[I]f the waiver [of a right to appeal] is made voluntarily and knowingly, it is enforceable and does not violate due process or public policy." *United States v. Navarro–Botello*, 912 F.2d 318, 319 (9th Cir. 1990). A district court is under a duty imposed by the Federal Rules of Criminal Procedure to ensure that a defendant's actual guilty plea is voluntary. Rule 11(c) and the direct/collateral distinction give substance to this obligation.

 Prosecutors face no similar procedurally-imposed duty or direct/collateral analysis with regards to a defendant's acceptance of a plea agreement. Littlejohn's lack of information regarding the effect of section 862a at the time he waived his

right to appeal and entered into the plea agreement does not, therefore, render the waiver and agreement *per se* involuntary. Given both Littlejohn's and his attorney's contemporary assertions of voluntariness in accepting the plea agreement, there is nothing to suggest that the acceptance was invalid. Littlejohn's waiver as part of the plea agreement of his right to appeal his sentence and the manner in which it was imposed was therefore valid. *See id.* at 320–21. Hence, we dismiss his appeal insofar as it challenges the district court's adherence to the requirements of 18 U.S.C. § 3553(c)(1).

## CONCLUSION

The district court was not required, when it took Littlejohn's plea, to inform him of the effects of subsection 862(a). The district court *was* required to inform Littlejohn of the direct consequences implicated by section 862a, but the court's failure to do so in this case was harmless error. As such, Littlejohn's conviction is AFFIRMED. His appeal of his sentence is DISMISSED.

NOONAN, Circuit Judge, dissenting:

With great humanity the court has taken cognizance of a feature of sentencing that is of importance not only to the defendant but to the defendant's family. Strictly speaking, the court's statements constitute dicta since they do not control the outcome of the appeal. *Batjac Productions Inc. v. GoodTimes Home Video Corp.*, 160 F.3d 1223, 1232 (9th Cir.1998). Even more unfortunately, the statements are made in a case where the court has no jurisdiction. The government by concession cannot create a jurisdiction that does not exist.

Littlejohn entered into a plea agreement in which he pleaded guilty to distribution of less than 50 grams of cocaine and gave up "the right to appeal any sentence imposed, and the manner in which the sentence is determined, provided that the defendant is sentenced within the statutory maximum and his term of imprisonment is

240 months or less." In exchange the government dismissed ten counts which carried life imprisonment as a maximum penalty on each count. Littlejohn was sentenced to twenty years, plus five years supervised release and a special assessment of $100. The government kept its part of the plea agreement. Littlejohn did not keep his.

The current appeal is a thinly-disguised end run around the plea agreement. To assert that the appeal is directed to the voluntary and knowing nature of the plea is to make a fetish of the form given the alleged error—which is about the sentence. In substance it is an attack both on the manner in which the sentence was determined and on the sentence itself. While a plea agreement in some respects differs from an ordinary contract, we try to apply principles of contract law, when appropriate, to its interpretation and implementation. *United States v. Keller*, 902 F.2d 1391, 1393 (9th Cir.1990). No ordinary contract could be so easily evaded by assertion that a circumstance, comparatively minor in the negotiations, had not been known to either party. *See, e.g. Reliance Finance Corp. v. Miller*, 557 F.2d 674, 678–79 (9th Cir.1977); *see also Farnsworth on Contracts*, § 9.1 *et seq.* (1998). There is no reason for permitting this kind of evasion here.

As the appeal was waived, we lack jurisdiction. *United States v. Vences*, 169 F.3d 611 (9th Cir.1999).

I respectfully and regretfully dissent.