**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Eduardo GARCIA–PLACENTIA,
Defendant–Appellant.**

No. 98–10137.

D.C. No. CR–97–05104–OWW.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 12, 2001.[1]

Decided March 28, 2001.

Before HUG, NOONAN, and W. FLETCHER, Circuit Judges.

MEMORANDUM [2]

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Eduardo Garcia–Placentia challenges his guilty-plea conviction for conspiracy to possess heroin with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 846. Garcia–Placentia's counsel filed a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating that there are no meritorious issues for review and seeking to withdraw as counsel of record. Garcia–Placentia did not file a pro se supplemental brief. Counsel identified two potential issues, neither of which provides an arguable basis for appeal.

■ First, we reject the contention that Garcia–Placentia's plea was involuntary because the district court erroneously informed him that the government would recommend a two-level reduction under the safety valve provision. *See* 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2 (1997). After reviewing the record de novo, *see United States v. Littlejohn,* 224 F.3d 960, 964 (9th Cir.2000), we find that although the district court's statements were incorrect, there is no showing on the record that the district court's statements affected Garcia–Placentia's decision to plead guilty or that he would not have pleaded guilty in the absence of the district court's statements. *See id.* at 970–71 (concluding that the district court's erroneous failure to inform a defendant of the direct consequences of his plea was harmless error because the record demonstrated that the error had no effect on the defendant's decision to plead guilty). Garcia–Placentia neither objected to the presentence report's conclusion that he was not entitled to application of the safety valve nor argued at sentencing that he believed he was entitled to its application based on the district court's statements during the plea colloquy. *See id.* (concluding that defendant's failure to object to the presentence report or raise the issue at sentencing demonstrated that the district court's error was harmless).

■ We also reject the contention that Garcia–Placentia's plea was invalid because the district court failed to inform him under Fed.R.Crim.P. 11(c)(1) that the court was required to consider the applicable sentencing guidelines but could depart under some circumstances. Although the district court did not specifically inform Garcia–Placentia about the guidelines and its ability to depart, the court discussed the guidelines and the possible adjustments and departures Garcia–Placentia might receive at sentencing. The court also informed Garcia–Placentia of the minimum and maximum statutory sentences he could receive. Because the record demonstrates that the district court substantially complied with the Rule 11(c)(1) requirement, we conclude that the error, if any, was harmless. *See* FED. R. CRIM. P. 11(h); *United States v. Ramos,* 923 F.2d 1346, 1357–58 (9th Cir.1991) (concluding that failing to inform defendant of the applicability of the guidelines is harmless as long as defendant is informed of the applicable statutory minimum and maximum).

Our independent review of the record pursuant to *Penson v. Ohio,* 488 U.S. 75, 82–83, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), discloses no further issues for review. Accordingly, counsel's motion to withdraw as counsel of record is GRANTED and the district court's judgment is AFFIRMED.