UNITED STATES of America,
Plaintiff–Appellee,

v.

Michael STEWART–GONZALEZ,
aka Miguel Gonzalez–Garcia,
Defendant–Appellant.

No. 00–50612.

D.C. No. CR–96–01118–MRP–02.

United States Court of Appeals,
Ninth Circuit.

Submitted March 11, 2002.*

Decided March 19, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

1. Despite the district court's failure during the 1997 change of plea hearing to advise Stewart–Gonzalez about the implications of the appeal waiver contained in the plea agreement, the appeal waiver is valid because it was knowingly and voluntarily entered. *See*

Before FARRIS, W. FLETCHER, and FISHER, Circuit Judges.

### MEMORANDUM **

Michael Stewart–Gonzalez appeals his 121–month sentence following his guilty plea conviction for conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846.

Stewart–Gonzalez contends (1) that the government breached the plea agreement by failing to file a motion for a downward departure pursuant to United States Sentencing Guidelines § 5K1.1 and 18 U.S.C. § 3553(e) based on his substantial assistance to the authorities, and (2) that the district court failed to sentence him according to the plea agreement. Additionally, based on the foregoing allegations, Stewart–Gonzalez attempts to circumvent the appeal waiver provision in the plea agreement.[1]

The record shows that the government upheld all of it obligations, including: recommending a sentence in the middle of the applicable guideline range; dismissing count two of the indictment; and meeting with Stewart–Gonzalez so he could attempt to qualify for the safety valve provision of the Sentencing Guidelines. The government was not required to file a substantial assistance motion. Similarly, the record

*United States v. Littlejohn,* 224 F.3d 960, 963 n. 1 (9th Cir.2000) (stating that a plea hearing conducted prior to December 1, 1999, is not governed by Rule 11(c)(6)) (citing *United States v. Maree,* 934 F.2d 196, 200 (9th Cir. 1991); *United States v. DeSantiago–Martinez,* 38 F.3d 394, 395 (9th Cir.1992)) (holding that prior to the 1999 amendments "a Rule 11 colloquy on the waiver of the right to appeal is not a prerequisite to a finding that the waiver is valid" provided the waiver is knowing and voluntary.).

demonstrates that the district court imposed a sentence within the negotiated terms of the parties. Because we find that there was no breach of the plea agreement, we enforce the valid appeal waiver contained therein and dismiss Stewart–Gonzalez's appeal. *See United States v. Schuman,* 127 F.3d 815, 817–18 (9th Cir. 1997) (per curiam) (dismissing appeal because defendant waived his right to appeal, the written plea agreement contained no promise that the government would move for a downward departure, and the written "plea agreement specifically provided that it embodied the entire agreement between the parties, written and oral, and that any modification must be in writing.").

**DISMISSED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.