**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Qin CHEN, Defendant—Appellant.**

No. 01–10062.

D.C. No. CR–99–00452–DAE.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 12, 2002.*

Decided Aug. 16, 2002.

Before SCHROEDER, Chief Judge, and TASHIMA and RAWLINSON, Circuit Judges.

MEMORANDUM**

Qin Chen appeals his guilty-plea conviction and sentence on three counts of attempting to bring unauthorized aliens into the United States for financial gain in violation of 8 U.S.C. § 1324. We dismiss for lack of jurisdiction.

The government asserts that Chen's appeal is precluded by the waiver of appeal contained in his plea agreement. We review de novo waiver of a statutory right to appeal. *United States v. Martinez,* 143 F.3d 1266, 1270 (9th Cir.1998). A waiver of appeal is enforceable if the waiver was "knowingly and voluntarily made" and the language of the waiver encompasses the defendant's right to appeal on the grounds claimed on appeal. *Id.* at 1270–71. An enforceable waiver deprives us of jurisdiction to hear the appeal. *United States v. Vences,* 169 F.3d 611, 613 (9th Cir.1999).

Chen argues that his plea was not knowingly and voluntarily entered into due to the magistrate judge's failure to adequately explain the waiver provision at the plea change hearing, in violation of Federal Rule of Criminal Procedure 11(c)(6). *See United States v. Ma,* 290 F.3d 1002, 1005 (9th Cir.2002). Chen's plea colloquy took place on November 26, 1999, approximately one week before Rule 11(c)(6) took effect on December 1, 1999. *United States v. Littlejohn,* 224 F.3d 960, 963 n. 1 (9th Cir.2000). His appeal is governed by the pre-amendment version of Rule 11 that was applicable at the plea hearing. *Id.* Under that version of Rule 11, it is proper for the prosecutor to summarize the terms

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

of the plea agreement. *United States v. Michlin*, 34 F.3d 896, 898 (9th Cir.1994). The magistrate judge committed no Rule 11 violation by having the prosecutor summarize the terms of the plea agreement for Chen. Chen knowingly and voluntarily entered into the plea agreement.

Chen agreed to waive his right to appeal "any sentence within the maximum provided in the statute(s) of conviction or the manner in which that sentence was determined . . . on any ground whatever," excepting that Chen could appeal if the district court "depart[ed] . . . upward from the guidelines range determined by the Court to be applicable to the Defendant." The language of the waiver unambiguously encompasses Chen's arguments on appeal.

The plea agreement is enforceable. The appeal is dismissed for lack of jurisdiction. *See Vences*, 169 F.3d at 613.

**DISMISSED.**[1]

---

1. Appellant's June 20, 2002 motion is granted. The Clerk shall file the reply brief received June 20, 2002.