**UNITED STATES OF AMERICA, Plaintiff-Appellee,**

v.

**Wayne Dean FLETCHER, Defendant-Appellant.**

No. 99–30304.

D.C. No. CR–99–00250–JCC.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 2, 2002.*

Decided Dec. 5, 2002.

Before GOODWIN, TROTT, and GRABER, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

* This panel unanimously finds this case suitable for decision without oral argument. *See*

## MEMORANDUM **

Wayne Dean Fletcher appeals pro se the 120–month sentence imposed following his guilty plea conviction to one count of bank robbery in violation of 18 U.S.C. § 2113(a), armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d) and use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Fletcher has raised multiple issues for the first time in this appeal, which we review for plain error. *See United States v. Olano,* 507 U.S. 725, 731–32, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).

Fletcher raises several arguments challenging the validity of his guilty plea. We conclude that they lack merit because the record reveals that Fletcher knowingly and voluntarily entered into a valid guilty plea which complied with the requirements of Federal Rule of Criminal Procedure 11. *See United States v. Timbana,* 222 F.3d 688, 701–02 (9th Cir.), *cert. denied,* 531 U.S. 1028, 121 S.Ct. 604, 148 L.Ed.2d 516 (2000). Moreover, Fletcher has not demonstrated that any alleged error violated his substantial rights. *See United States v. Vonn,* 535 U.S. 55, 122 S.Ct. 1043, 1046, 152 L.Ed.2d 90 (2002).[1]

Fletcher next contends that the district court was required to advise him about the possibility of future sentence enhancements pursuant to 18 U.S.C. § 3559(c). We disagree. *See United States v. Little-john,* 224 F.3d 960, 965 (9th Cir.2000) (stating that district courts need not advise defendants of collateral consequences of guilty plea, and defining collateral consequence to include one contingent upon action being taken by the defendant himself).

Finally, Fletcher challenges his two-level enhancement pursuant to U.S.S.G. § 2B3.1(b)(1) as double counting. This argument also fails because it is not double counting to enhance a sentence for certain behavior if the guideline's base offense level fails to capture the full extent of the wrongfulness of such behavior. *See United States v. Reese,* 2 F.3d 870, 895 (9th Cir.1993).

**AFFIRMED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. We decline to review Fletcher's ineffective assistance of counsel claims on direct appeal. *See United States v. Hanoum,* 33 F.3d 1128, 1131–32 (9th Cir.1994) (observing that ineffective assistance claim is more properly raised by collateral attack under 28 U.S.C.

---

§ 2255 because it cannot be advanced without development of facts outside the record).

