UNITED STATES of America,
Plaintiff—Appellee,

v.

JUVENILE MALE, Defendant—
Appellant.

No. 03–10565.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 15, 2004.*

Decided Nov. 24, 2004.

Raquel Arellano, Esq., Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Michaela Portillo, Esq., Federal Public Defender's Office, Tucson, AZ, for Defendant–Appellant.

Before: LEAVY, MCKEOWN and BERZON, Circuit Judges.

MEMORANDUM **

Juvenile Male appeals the district court's order revoking his probation and

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

imposing a sentence upon revocation of seven months detention followed by eleven months of supervised release. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Appellant contends that the sentence imposed upon revocation violates the original plea agreement because it extends beyond his 21st birthday. We conclude, however, that nothing in the plea agreement precludes a term of incarceration or supervision beyond the age of 21 upon revocation of the probationary sentence originally imposed. *See United States v. Clark,* 218 F.3d 1092, 1095 (9th Cir.2000) ("Plea agreements are contractual in nature and are measured by contract law standards.").

Appellant next contends that the plea colloquy in the underlying offense did not comply with Rule 11 of the Federal Rules of Criminal Procedure and violated his due process rights because he was not specifically informed that he could be incarcerated beyond his 21st birthday upon a revocation of his probationary sentence. Because revocation of probation, however, is a proceeding triggered by the juvenile's own actions subsequent to sentencing, the district court was not required to advise the juvenile about the consequences of revocation. *See United States v. Littlejohn,* 224 F.3d 960, 965 (9th Cir.2000) (stating that "district courts need not advise defendants of the collateral consequences of their guilty plea").

Appellant also contends that the district court erred in revoking his probation. To the extent that appellant's challenge is to the legality of the special condition of probation prohibiting him from possessing pornography or other sexually-stimulating material, we are without jurisdiction to consider it because the original plea agreement contained a valid waiver of appeal. *See United States v. Joyce,* 357 F.3d 921, 924 (9th Cir.), *cert. denied,* —— U.S. ——, 125 S.Ct. 90, 160 L.Ed.2d 197 (2004) (holding that the word "sentence" in appeal waiver included supervised release and conditions thereof).

Revocation of probation is reviewed for abuse of discretion. *See United States v. Laughlin,* 933 F.2d 786, 788 (9th Cir.1991). On this record, we cannot say that the district court abused its discretion by revoking appellant's probation or that revocation of probation was fundamentally unfair.

AFFIRMED.