**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Adrian Keith TAYLOR, Defendant—
Appellant.**

**No. 04–30364.**

United States Court of Appeals,
Ninth Circuit.

Submitted June 13, 2005.*

Decided June 16, 2005.

Aaron N. Lucoff, Esq., USBO—Office of the U.S. Attorney, Boise, ID, for Plaintiff–Appellee.

William Matthew Butler, Harrison, ID, for Defendant–Appellant.

Before: PREGERSON, GRABER, and GOULD, Circuit Judges.

MEMORANDUM **

Defendant Adrian Keith Taylor, a member of the Nez Pierce Indian tribe, appeals his sentence, and the district court's decision to retain jurisdiction over his case, after pleading guilty to sexual assault charges.

■ 1. As part of his plea agreement, Defendant expressly waived his right to appeal his conviction and sentence, except as to the double jeopardy issue discussed below. Accordingly, Defendant's challenge to the district court's assessment of his criminal history for sentencing purposes must fail. *See United States v. Littlejohn,* 224 F.3d 960, 971 (9th Cir.2000) (enforcing a defendant's valid waiver of the right to appeal his sentence). Furthermore, Defendant's claim that his sentence violates the Sixth Amendment under *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), must also fail be-

---

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

cause a change in the law does not transform a valid waiver of the right to appeal into an involuntary or unknowing one. *United States v. Cardenas*, 405 F.3d 1046, 1048 (9th Cir.2005).

■ 2. Defendant argues that the district court should have dismissed one of his sexual abuse charges as violative of the Fifth Amendment double jeopardy clause, because he was convicted in tribal court for the same conduct. This argument is foreclosed by *United States v. Male Juvenile*, 280 F.3d 1008, 1020 (9th Cir.2002) (citing *United States v. Wheeler*, 435 U.S. 313, 331–32, 98 S.Ct. 1079, 55 L.Ed.2d 303 (1978), for the proposition that an Indian prosecuted in tribal court can be prosecuted in federal court for the same conduct without violating the Fifth Amendment).

3. Defendant argues that the district court lacked jurisdiction over his case. He claims that, under 18 U.S.C. § 1153(a), both the perpetrator and the victim of the crime must be Indians for federal jurisdiction to attach. This claim is belied by both the plain wording of the statute and our case law. *See* 18 U.S.C. § 1153(a) (providing federal jurisdiction where an Indian "commits against the person or property of another Indian *or other person* any of the following offenses, namely, [sexual assault]" (emphasis added)); *Henry v. United States*, 432 F.2d 114, 117 (9th Cir.1970) (holding that 18 U.S.C. § 1153 provides for federal jurisdiction over the crimes enumerated in the statute by Indians against non-Indians).

AFFIRMED.