NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-30309 |
| Plaintiff - Appellee, | D.C. No. 1:10-cr-00031-JDS-1 |
| v. | |
| HARVEST DAWN WHITE, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Jack D. Shanstrom, Senior District Judge, Presiding

Submitted August 2, 2011[**]
Seattle, Washington

Before: SCHROEDER and M. SMITH, Circuit Judges, and FOGEL, District
Judge.[***]

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

[***]      The Honorable Jeremy D. Fogel, United States District Judge for the
Northern District of California, sitting by designation.

Harvest Dawn White appeals the sentence imposed following his guilty plea to negligent vehicular assault in violation of 18 U.S.C. § 1152 and Montana Code Annotated § 45-5-205(1) and (3). He argues the district court erred in determining that the "aggravated assault" guideline, U.S.S.G. § 2A2.2, provided the most analogous offense to the charged crime. We have jurisdiction under 28 U.S.C. § 1291. "We review de novo whether a defendant has waived his right to appeal by entering into a plea agreement and the validity of such a waiver." *United States v. Harris*, 628 F.3d 1203, 1205 (9th Cir. 2011) (citation omitted).

"A defendant's waiver of his appellate rights is enforceable if (1) the language of the waiver encompasses his right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made." *Id.* (citation, alteration, and internal quotation marks omitted). As part of the plea agreement, White agreed to waive "any and all right to directly appeal the sentence." This waiver unambiguously encompasses the district court's determination as to which guideline was the most analogous. *See United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (en banc) (observing that the calculation of the applicable Guidelines range is the first step in all sentencing proceedings); *see also United States v. Bibler*, 495 F.3d 621, 624 (9th Cir. 2007) (defendant's agreement to "'waive all right to appeal the sentence'" encompassed the court's alleged failure

to apply the safety valve exception) (alteration omitted); *United States v. Littlejohn*, 224 F.3d 960, 971 (9th Cir. 2000) (defendant's waiver of his right to appeal his sentence encompassed the district court's alleged failure to satisfy the mandate of 18 U.S.C. § 3553(c)).  The district court also informed White of the rights he was giving up, including the right to appeal, and White indicated that he understood the waiver.  This is sufficient to establish that the waiver was both knowing and voluntary, *see Harris*, 628 F.3d at 1206, and was his decision to plead rather than go to trial.  *See* Fed. R. Crim. P. 11.   Moreover, the agreement informed White that both parties "reserve all right, without condition, to make any appropriate sentencing recommendation."

Contrary to White's argument, he was not denied the benefit of the bargain of the plea agreement, because the government made several concessions in the agreement (a 3-point reduction and dismissing the original indictment), which benefitted White, who was represented by counsel at all times.  His belated contention that the plea agreement was a contract of adhesion is without merit.

Appeal **DISMISSED**.