

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-30122 |
| Plaintiff-Appellee, | D.C. No. |
| v. | 1:16-cr-00037-BLW-1 |
| CHERIE RENEE DILLON, | MEMORANDUM* |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-30235 |
| Plaintiff-Appellant, | D.C. No. |
| v. | 1:16-cr-00037-BLW-1 |
| CHERIE RENEE DILLON, | |
| Defendant-Appellee. | |

Appeals from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief Judge, Presiding

Argued and Submitted December 5, 2018
Seattle, Washington

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: GRABER, McKEOWN, and CHRISTEN, Circuit Judges.

Cherie Renee Dillon appeals from her guilty plea to twenty-four counts each of health care fraud and aggravated identity theft. The government cross-appeals, challenging only the district court's calculation of restitution. We have jurisdiction pursuant to 28 U.S.C. § 1291. We dismiss Dillon's appeal and vacate the restitution order and remand for re-calculation of restitution.[1]

1. Dillon's Direct Appeal. We review *de novo* the validity of an appeal waiver. *See United States v. Medina-Carrasco*, 815 F.3d 457, 461 (9th Cir. 2016). An appeal waiver is valid and enforceable if, among other requirements, it was included in the terms of a knowing and voluntary guilty plea. *Id.* "A failure to ensure that a defendant understands his range of exposure may violate the requirement that a guilty plea be 'knowing and voluntary.'" *United States v. Forrester*, 616 F.3d 929, 938 (9th Cir. 2010). To satisfy this obligation, "district courts in this circuit . . . must inform defendants pleading guilty of the direct consequences of their plea and resulting conviction[.]" *United States v. Littlejohn*, 224 F.3d 960, 965 (9th Cir. 2000).

---

[1] Because the parties are familiar with the facts and arguments on appeal, we do not recite them.

The record demonstrates that Dillon was warned of the direct consequences of her plea. The district court's plea colloquy was extensive: it warned Dillon that the PSR might include losses related to conduct for which she had not pleaded guilty; that the loss amount would be the primary driver of her guideline range; that forfeiture was implicated; and that the government could pursue a loss theory for more than the amount alleged in the indictment. Dillon verbally acknowledged each of these warnings. Because her plea was knowing and voluntary, Dillon's waiver of her appellate rights—including her right to challenge the forfeiture and restitution orders—bars any further consideration of her claims and we must dismiss her appeal. *See Medina-Carrasco*, 815 F.3d at 461–63 (enforcing appellate waiver where it was knowingly and voluntarily made and dismissing appeal).

2. The Government's Cross-Appeal. The Mandatory Victims Restitution Act of 1996 ("MVRA") provides that "the court shall order . . . that the defendant make restitution to the victim of the offense" following conviction for certain types of crimes. 18 U.S.C. § 3663A(a)(1). "The legality of an order of restitution is reviewed *de novo*, and factual findings supporting the order are reviewed for clear error." *United States v. Luis*, 765 F.3d 1061, 1065 (9th Cir. 2014) (internal quotation marks omitted).

Although restitution is meant to compensate victims for their "actual losses[,]" *United States v. Hunter*, 618 F.3d 1062, 1064 (9th Cir. 2010) (internal quotation marks and emphasis omitted), "[u]nder the MVRA, restitution 'may be awarded only for losses for which the defendant's conduct was an actual *and* proximate cause.'" *United States v. Swor*, 728 F.3d 971, 974 (9th Cir. 2013) (per curiam) (quoting *United States v. Kennedy*, 643 F.3d 1251, 1261 (9th Cir. 2011)). Applying these principles, we conclude that the district court properly deducted billings for services provided by contract dentists because the only evidence is that those dentists performed their own examinations before providing services. Their examinations constitute an "intervening cause" that severs the chain of proximate causation between Dillon's fraudulent conduct and payments by the victim insurers. *Id.* (internal quotation marks omitted)

However, we further conclude that the district court should not have deducted billings for hygiene services Dillon performed. Even billings for services within the scope of her license were fraudulent because Dillon was not supervised and she was not authorized to perform these services without supervision.

Accordingly, we vacate only the district court's restitution order and remand for recalculation of restitution. On remand, the district court shall calculate a new restitution figure that includes billings for Dillon's hygiene services.

4

Dillon's appeal is DISMISSED; the restitution order is VACATED; and the case is REMANDED for re-calculation of restitution.