**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 12 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WESLEY HARLAN KINGSBURY, | No. 16-56789 |
| Petitioner-Appellant, | D.C. No. 2:15-cv-09697-DSF |
| v. | |
| UNITED STATES OF AMERICA, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted July 10, 2019**
Pasadena, California

Before: SMITH, JR. and FRIEDLAND, Circuit Judges, and BASTIAN,*** District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Stanley A. Bastian, United States District Judge for the Eastern District of Washington, sitting by designation.

Wesley Harlan Kingsbury (Kingsbury) appeals the district court's denial of his 28 U.S.C. § 2255 petition to vacate his conviction and sentence. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253. We review *de novo*, *Mendoza v. Carey*, 449 F.3d 1065, 1068 (9th Cir. 2006), and we affirm.

**(1) Voluntariness of Kingsbury's Guilty Plea.[1]**

We review the voluntariness of Kingsbury's guilty plea *de novo*, *United States v. Littlejohn*, 224 F.3d 960, 964 (9th Cir. 2000), and the district court's findings for clear error. *United States v. Kaczynski*, 239 F.3d 1108, 1114 (9th Cir. 2001).

A guilty plea is valid only to the extent it is "voluntary" and "intelligent." *Bousley v. United States*, 523 U.S. 614, 618 (1998) (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)). "A plea is voluntary if it 'represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *Kaczynski*, 239 F.3d at 1114 (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)). "[A] guilty plea is void if it was induced by promises or threats which deprive it of the character of a voluntary act." *Id.* (quoting *Sanchez v. United States*, 50 F.3d 1148, 1454 (9th Cir. 1995)).

---

[1] Kingsbury is not barred from raising this claim for the first time on collateral review. We find the Government waived its right to raise the issue of procedural default by failing to first raise the issue in the district court. *See United States v. Barron*, 172 F.3d 1153, 1156 (9th Cir. 1999) (en banc).

Kingsbury alleges his guilty plea was involuntary because it was obtained by unlawful inducement and/or coercion perpetrated by his attorney and father. Kingsbury further contends that his guilty plea was involuntary because he was in poor health and was told that he needed to plead guilty to have the opportunity to receive necessary medical care and to avoid the stress of trial.

The evidence in the record, which includes Kingsbury's prior statements made during his Rule 11 plea colloquy and signed written plea agreement, directly contradicts the allegations presented in Kingsbury's § 2255 petition. For example, Kingsbury stated during the colloquy that he understood he could receive medical care notwithstanding the trial, and that no one had made promises or representations to him outside of the plea agreement. We give "substantial weight" to Kingsbury's prior sworn statements, *Kaczynski*, 239 F.3d at 1115, and affirm the district court's finding that his guilty plea was valid. *See Muth v. Fondren*, 676 F.3d 815, 821 (9th Cir. 2012) ("Petitioner's statements at the [Rule 11] plea colloquy carry a strong presumption of truth."); *United States v. Ross*, 511 F.3d 1233, 1236 (9th Cir. 2008) ("Statements made by a defendant during a guilty plea hearing carry a strong presumption of veracity in subsequent proceedings attacking the plea.").

**(2) Ineffective Assistance of Counsel.**

A claim of ineffective assistance of counsel presents a mixed question of law and fact, which this Court reviews *de novo*. *United States v. Chacon-Palomares*, 208 F.3d 1157, 1158 (9th Cir. 2000).

In *Hill v. Lockhart*, the United States Supreme Court held that "the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel." 474 U.S. 52, 58 (1985). As such, a petitioner claiming ineffective assistance of counsel in this context must show both deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).

To establish deficient performance, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. To satisfy the prejudice requirement in the context of guilty pleas, a petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59.

Kingsbury's ineffective assistance of counsel claim is intertwined with his claim that his guilty plea was involuntary. As noted above, Kingsbury claims he felt pressured to plead guilty by his attorney and father. Kingsbury also claims he was told by his attorney that he would not be presenting witnesses at trial if he did

not plead guilty, and that his attorney did not submit certain letters in support of Kingsbury at sentencing.

Kingsbury fails to establish a claim of ineffective assistance of counsel. Kingsbury's prior sworn statements, which "carry a strong presumption of truth," *Muth*, 676 F.3d at 821, directly contradict the allegations presented in his § 2255 petition—Kingsbury expressly acknowledged that he was giving up his right to compel witnesses to testify on his behalf, and stated that he had not been threatened or coerced in entering the plea. Kingsbury's remaining allegations fail to overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

**(3) Evidentiary Hearing.**

We review the district court's denial of an evidentiary hearing for abuse of discretion. *Mendoza*, 449 F.3d at 1068.

The district court did not abuse its discretion in declining to hold an evidentiary hearing because the credibility of Kingsbury's claims could be "conclusively decided on the basis of documentary testimony and evidence in the record." *United States v. Espinoza*, 866 F.2d 1067, 1069 (9th Cir. 1988) (quoting *Watts v. United States*, 841 F.2d 275, 277 (9th Cir. 1988)). In this case, the record includes the transcript of Kingsbury's Rule 11 plea colloquy, his signed written plea agreement, and declarations filed by his attorney. Based on this evidence, we

find the district court was well equipped to assess the credibility of Kingsbury's claims without the need to conduct an evidentiary hearing. *See Shah v. United States*, 878 F.2d 1156, 1160 (9th Cir. 1989).

**AFFIRMED.**