**George Edward WILSON, Plaintiff-Appellant,**

v.

**James C. COOKE, Warden, and the Attorney General of the State of Alabama, Defendants-Appellees.**

No. 86-7523
**Non-Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

April 13, 1987.

---

Thomas R. Allison, Asst. Atty. Gen., for defendants-appellees.

Before GODBOLD, VANCE and JOHNSON, Circuit Judges.

PER CURIAM:

In this habeas corpus action brought by an Alabama prisoner the only issue raised on appeal is ineffectiveness of trial counsel.

The United States magistrate found that the trial court dismissed this claim without making a factual record, therefore the magistrate conducted an evidentiary hearing. Based on the state record and the evidence developed at the evidentiary hearing, the magistrate concluded that the requirements of *Strickland v. Washington*, 466 U.S. 668, 674, 104 S.Ct. 2052, 2057, 80 L.Ed.2d 674 (1984) and *U.S. v. Cronic*, 466 U.S. 648, 657, 104 S.Ct. 2039, 2046, 80 L.Ed.2d 657 (1984) had not been met and recommended that the petition be denied. Petitioner objected to the magistrate's recommendations and included in his objection the recommendation concerning the ineffectiveness of counsel issue.

The district court entered the following judgment:

> In accord with the Report and Recommendation heretofore filed by the magistrate, petitioner's objections thereto having been considered *de novo*, it is hereby
>
> ORDERED, ADJUDGED and DECREED that the petition for the writ of habeas corpus should be and the same hereby is DENIED.

Petitioner then filed a motion in the district court asking that he be furnished a copy of the transcript of the [April 24, 1986] evidentiary hearing before the magistrate. The motion was denied in this court, with a notation that "the panel hearing the case can order a transcript if needed." This court has informally contacted the district court and is informed that no transcript of the hearing is available and that no tape recording was made.

The magistrate's report and recommendation was based in part on the evidentiary hearing. The district judge considered petitioner's objections and denied the writ "in accord with" the magistrate's report and recommendation and *de novo* as well. The district court could not consider and act on the matter without having before it a transcript or tape recording of the evidentiary hearing nor can this court give appellate review without such a transcript or tape. See 28 U.S.C. § 636 (b)(1)(C). The judgment of the district court must be vacated and the case remanded for entry of a fresh order and for completion of the record should it in fact be incomplete and for consideration by the district court of the evidentiary hearing if it has not heretofore considered it. *Wiley v. Wainwright*, 793 F.2d 1190 (11th Cir.1986); *Calderon v. Waco Lighthouse for the Blind*, 630 F.2d 352 (5th Cir.1980).

VACATED and REMANDED.