**UNITED STATES of America,
Plaintiff/Appellee,**

v.

**Donald B. MORSE, Defendant/Appellant.**

**No. 91–3614.**

United States Court of Appeals,
Eleventh Circuit.

Nov. 1, 1994.

Angela M. Cancio, Tallahassee, FL, for appellant.

Robert W. Genzman, U.S. Atty., Paul Byron, Karla R. Spaulding, Asst. U.S. Attys., Orlando, FL, for appellee.

Before HATCHETT and BLACK, Circuit Judges, and YOUNG *, Senior District Judge.

GEORGE C. YOUNG, Senior District Judge:

Donald Morse pleaded guilty to conspiracy to possess crack cocaine, possession of crack cocaine with intent to distribute, and aiding and abetting the possession of crack cocaine with the intent to distribute. He was sentenced to 105 months' imprisonment; as part of his sentence, the district court ordered that Morse be ineligible for federal benefits for five years. Morse appealed the judgment.

In her brief filed pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), appellant's counsel contends that her client's guilty plea should be set aside for either of two reasons.

First, counsel asserts that the district court may have committed error by accepting appellant's plea and sentencing him pursuant to federal law when the court was aware there was a concurrent prosecution in the state court for the same transaction. The government contends that the record does not disclose a concurrent prosecution in state court for the same transaction which gave rise to the federal prosecution, but only that the defendant initially had been arrested by state authorities and prosecution was deferred to the federal government. In any event, the Supreme Court of the United States has held that the U.S. Constitution does not bar successive state and federal prosecutions based on the same conduct. *Rinaldi v. United States*, 434 U.S. 22, 28–29, 98 S.Ct. 81, 84–85, 54 L.Ed.2d 207 (1977);

---

* Honorable George C. Young, Senior U.S. District Judge for the Middle District of Florida, sitting by designation.

*Bartkus v. Illinois,* 359 U.S. 121, 79 S.Ct. 676, 3 L.Ed.2d 684 (1959); *Abbate v. United States,* 359 U.S. 187, 79 S.Ct. 666, 3 L.Ed.2d 729 (1959).

Accordingly, the first claim of error raised by appellant's counsel is without merit.

■ Secondly, it is contended that appellant's guilty plea was invalid because the district judge did not advise him pursuant to Rule 11, Federal Rules of Criminal Procedure, that the sentencing judge could declare him ineligible for receipt of federal benefits. This contention, too, is without merit.

The district judge fully complied with the provisions of Rule 11(c) in advising the defendant personally, in open court, of the information required by that subsection. The Court also determined pursuant to Rule 11(d) that the plea of guilty was entered voluntarily. In addition, the court, pursuant to subsection (f), made sufficient inquiry to satisfy herself that there was a factual basis for the plea.

Whether advice concerning the possible loss of federal benefits is a requirement of Rule 11 is a matter of first impression in this circuit, and insofar as we can determine, in any circuit. We note that this circuit has held that it was not a violation of Rule 11 to fail to advise a defendant of his ineligibility for parole. *Holmes v. United States,* 876 F.2d 1545 (11th Cir.1989) at 1548,

> Rule 11 does not require a sentencing court to inform a defendant of every possible consequence of his plea. This court has previously held that Rule 11, which establishes a procedure designed to insure that a guilty plea is entered voluntarily, requires only that the court inform a defendant of the direct consequences of a guilty plea; the court need not explain the possible collateral consequences of a guilty plea.

(citations omitted).

This court has also held that failure to advise a defendant of a possibility of deportation is not a requirement under Rule 11. *United States v. Campbell,* 778 F.2d 764, 767 (11th Cir.1985).

We believe that advice as to a potential loss of federal benefits for a temporary period of time is akin to advice concerning possibility of deportation and possibility of ineligibility for parole and that such advice is a collateral consequence of pleading guilty.

■ Rule 11(h) provides that any variance from the procedure required by the rule which does not affect substantial rights shall be disregarded. Even if the advice concerning loss of federal benefits should be construed as a direct consequence requiring advice to the defendant at the time of taking a plea, in this case it would be harmless error. The presentence report prepared by the probation officer was given to the defendant and his counsel prior to sentencing. At the sentencing hearing, the Court was advised by both the defendant and his counsel that they had read and discussed the presentence report and had no objection to it. That report specifically set out the statutory and guideline provisions allowing the sentencing judge to deny federal benefits.

Further, after imposing the sentence of imprisonment, including the denial of federal benefits for five years, the court inquired of counsel and the defendant if there was any objection to the sentence just imposed or to the manner in which it was imposed. There was no objection raised.

Accordingly, we find that the second contention of counsel pertaining to the loss of federal benefits does not require the vacation of the plea of guilty.

The judgment of the court below is AFFIRMED.