IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-40637
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LEE BATES, also known as
Sally Bates, also known
as Minnie Lee Bates, also
known as Lee Ashley Bates,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Southern District of Texas
USDC No. C-00-CR-26-1
_____
January 31, 2001

Before JOLLY, BARKSDALE, and DENNIS, Circuit Judges.

PER CURIAM:[*]

The assistant federal public defender who represents Lee Bates

filed a motion and supporting brief for leave to withdraw as

counsel pursuant to Anders v. California, 386 U.S. 738 (1967).

Bates has filed a response.

Our independent review of the appellate record and of the

possible issues raised by counsel and by Bates reveals no

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

nonfrivolous issue.  We nevertheless address the issues raised by Bates.

Bates contends that her guilty plea is infirm under Fed. R. Crim. P. 11 because the district court failed to inform her that, by pleading guilty, she risked the loss of her social security benefits.  Under the literal language of Rule 11, the district court is not required to ensure that a defendant understands this possible collateral consequence from a guilty plea.  Collateral consequences of a guilty plea, such as civil disenfranchisement or the possibility of deportation, need not be addressed during a Rule 11 colloquy as long as the defendant is informed of the critical consequences from the plea.  United States v. Osiemi, 980 F.2d 344, 349 (5th Cir. 1993); see United States v. Morse, 36 F.3d 1070, 1072 (11th Cir. 1994).  No variance with the dictates of Rule 11 is evident.

Bates contends that she entered her guilty plea unknowingly, involuntarily, and with an unclear state of mind.  Her answers at rearraignment indicate the contrary.

Bates argues that the indictment was defective in the light of Apprendi v. New Jersey, 120 S.Ct. 2348, 2362-63 (2000), which held that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  Under Apprendi, the quantity of

2

drugs in a 21 U.S.C. § 841 prosecution is an element of the offense, not a sentencing factor, which must be alleged in the indictment and proved beyond a reasonable doubt. United States v. Doggett, 230 F.3d 160, 164-65 (5th Cir. 2000). However, "a fact used in sentencing that does not increase a penalty beyond the statutory maximum need not be alleged in the indictment and proved to a jury beyond a reasonable doubt." United States v. Keith, 230 F.3d 784, 787 (5th Cir. 2000). Section 841(b)(1)(B)(vii) requires at least 100 kilograms of marijuana for a defendant to be subject to a sentence from five years' to forty years' imprisonment. Bates's indictment alleged that she possessed more than 100 kilograms of marijuana and specifically alleged approximately 204 kilograms of marijuana.

Bates asserts that the indictment is defective because it fails to allege the manner and means of the crime as well as failing to allege any overt acts. Bates was not charged with conspiracy but with possession with the intent to distribute over 100 kilograms of marijuana. "Generally, an indictment which follows the language of the statute under which it is brought is sufficient to give a defendant notice of the crime of which [s]he is charged." United States v. Ramirez, 233 F.3d 318, 323 (5th Cir. 2000). The indictment was not defective. See United States v. Cabrera-Teran, 168 F.3d 141, 143 (5th Cir. 1999).

Bates raises several challenges to her sentence. First, she argues that the base offense level of 26 is error. She contends that she should be responsible for only 85 pounds of marijuana, the amount for which she was being paid to transport to Florida. The relevant drug quantity determined by the district court, by adopting the presentence report (PSR), is supported by the record and is not clearly erroneous. See United States v. Maseratti, 1 F.3d 330, 340 (5th Cir. 1993).

Bates asserts that her criminal history category should have been category I. This issue, raised for the first time on appeal, is reviewed for plain error. See United States v. Meshack, 225 F.3d 556, 575 (5th Cir. 2000), petition for cert. filed, (Nov. 25, 2000) (No. 00-7246). No error, plain or otherwise, is detected. See United States v. Calverley, 37 F.3d 160, 162-64 (1994) (en banc).

Bates contends that she should have received home confinement. Her failure to request it at sentencing results in review only for plain error. See Meshack, 225 F.3d at 575. The defendant carries the burden under plain error in demonstrating that the unobjected-to error affected the defendant's substantial rights. See United States v. Olano, 507 U.S. 725, 734 (1993). Bates fails to carry her burden.

4

Bates contends that she should have received a reduction in her sentence based on her substantial assistance. "Absent a motion for downward departure made by the Government, a sentencing court is without authority to grant a downward departure on the basis of substantial assistance under [U.S.S.G.] § 5K1.1." United States v. Price, 95 F.3d 364, 367 (5th Cir. 1996). Because the government retained in the plea agreement its discretion to determine whether Bates had provided substantial assistance, the government's failure to move for a downward departure pursuant to U.S.S.G. § 5K1.1 is not reviewable. See United States v. Solis, 169 F.3d 224, 226, 226-27 (5th Cir.), cert. denied, 528 U.S. 843 (1999).

Bates asserts that she was improperly denied bond. To the extent that Bates challenges her detention, both pretrial and before sentencing, her challenge is moot. To the extent that she wants release pending this appeal, there is no nonfrivolous issue for appeal.

In conclusion, the motion for leave to withdraw is GRANTED, and counsel is excused from further responsibilities herein. Bates's appeal is DISMISSED. See 5TH CIR. R. 42.2.