[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-11634

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 29, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 02-20611-CR-ASG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BENSON CADET,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(June 29, 2005)**

Before DUBINA and WILSON, Circuit Judges, and LAWSON*, District Judge.

PER CURIAM:

Defendant Benson Cadet ("Cadet") appeals his convictions and sentence

_____

*Honorable Hugh Lawson, United States District Judge for the Middle District of
Georgia, sitting by designation.

for possession with intent to distribute five grams or more of cocaine base and a detectable amount of marijuana, and possession of a firearm in furtherance of a drug trafficking crime.  Specifically, Cadet appeals: (1) the district court's denial of his motion to suppress the items seized during the warrantless search of his home and the subsequent warranted search of his home and an automobile parked adjacent to his home; (2) the district court's denial of his motion for judgment of acquittal; (3) the district court's enhancement of Cadet's sentence based on an alleged prior state court conviction; and (4) the district court's enhancement of Cadet's sentence for obstruction of justice based on conduct that was not charged in the indictment or proved to the jury in violation of *Blakely v. Washington*, 542 U.S. __, 124 S. Ct. 2531 (2004), and now *United States v. Booker*, 543 U.S. __, 125 S. Ct. 738 (2005).

After oral argument and a thorough review of the parties' briefs and the record, we affirm the district court's denial of Cadet's motion to suppress and motion for judgment of acquittal.  However, as explained below, we vacate the district court's enhancement of Cadet's sentence based on an alleged prior conviction and remand to the district court for re-sentencing consistent with this opinion and the Supreme Court's opinion in *Booker*.[1]

---

[1]Relying on *Blakely*, Cadet argued for the first time on appeal that a two-point sentencing enhancement for obstruction of justice must be reversed as a violation of his Sixth Amendment

# I.BACKGROUND

On July 19, 2002, a federal grand jury sitting in the Southern District of Florida returned a three count indictment charging Cadet with: knowingly and intentionally possessing with intent to distribute five grams or more of a mixture and substance containing a detectable amount of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) (Count 1); knowingly and intentionally possessing with intent to distribute a mixture and substance containing a detectable amount of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D) (Count 2); and knowingly possessing a firearm in furtherance of a drug trafficking crime in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 924(c)(1)(A)(i) (Count 3). A jury convicted Cadet on all three counts of the indictment.

Prior to trial, the government filed an information of a prior conviction pursuant to 21 U.S.C. §§ 841(b)(1)(B) and 851.[2] The information indicated that

---

rights. Because Cadet raises this *Blakely/Booker* issue for the first time on appeal, we review it for plain error. *See United States v. Rodriguez*, 398 F.3d 1291, 1297 (11th Cir. 2005), *cert. denied*, 73 U.S.L.W. 3531 (U.S. June 20, 2005) (No. 04-1148). To establish plain error, Cadet must show that there was (1) error (2) that was plain, (3) that affected his substantial rights, and (4) that seriously affected the fairness, integrity, or public reputation of the proceedings. *Id.* The first and second parts of this test are easily met because the district court was operating under the premise that the federal sentencing guidelines were mandatory. Because we vacate Cadet's sentence on another ground and remand for re-sentencing, we need not reach the third prong of the plain error standard. The district court will have an opportunity to sentence Cadet using an advisory federal sentencing guidelines system on remand.

[2]The government, Cadet, and the district court properly complied with the procedural requirements outlined in 21 U.S.C. § 851.

Cadet had a prior conviction for possession with intent to sell, manufacture, or deliver marijuana. Cadet, asserting that the plea in the alleged prior conviction was involuntary and based upon ineffective assistance of counsel, filed a notice of challenge to the validity and applicability of the alleged prior conviction. After briefing and a hearing on this sentencing issue, the district court determined that the alleged prior conviction was constitutional and that Cadet was subject to an enhancement under § 851.

The district court ultimately sentenced Cadet to concurrent sentences of 120 months on the cocaine base charge and 78 months on the marijuana charge followed by a consecutive sentence of 60 months on the firearm charge for a total of 180 months of incarceration.

## II. DISCUSSION

Section 841 of Title 21 provides that, if a person violates the statute "after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 10 years and not more than life imprisonment." 21 U.S.C. § 841(b)(1)(B). After the government files an information stating the previous conviction to be relied upon, the defendant may deny the conviction or claim that the conviction was invalid by filing a written response. *See* 21 U.S.C. § 851(a) and (c). The defendant has the burden of

4

proving by a preponderance of the evidence that a prior conviction is constitutionally invalid. *See* 21 U.S.C. § 851(c)(2). Cadet argues that his underlying alleged prior state conviction, a withhold of adjudication, was unconstitutional as the result of an unknowing and involuntary guilty plea due to ineffective assistance of counsel. Therefore, he argues, an enhancement based on this withhold of adjudication was inappropriate. At a hearing on this issue, the district court concluded that Cadet's state court counsel was not ineffective and the alleged prior conviction was valid.

We review "mixed questions of law and fact raised in an ineffective assistance of counsel claim *de novo*, and review the district court's findings of fact for clear error." *Carr v. Schofield*, 364 F.3d 1246, 1264 (11th Cir.), *cert. denied*, 125 S. Ct. 815 (2004) (in the context of a petition for writ of habeas corpus under 28 U.S.C. § 2254). "[T]he voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Hill v. Lockhart*, 474 U.S. 52, 56, 106 S. Ct. 366, 369 (1985) (citation and internal quotation omitted). To succeed on an ineffective assistance of counsel claim, a defendant must show by a preponderance of the evidence that (1) counsel's performance was deficient, and (2) this deficiency resulted in prejudice. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). To

5

prove prejudice, it must be shown that "there is reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S. Ct. at 2068. This two-part standard is applicable to ineffective assistance of counsel claims arising out of the plea process. *Hill*, 474 U.S. at 57, 106 S. Ct. at 370. Cadet alleges that he was prejudiced by counsel's deficient performance because he would not have pleaded guilty if his state court counsel had advised him of the federal sentencing enhancement consequences of his guilty plea.

In *United States v. McCarthy*, we rejected the argument that the state trial court, counsel, or the prosecutor are constitutionally required to warn the defendant that his guilty plea could have sentencing consequences if he was later convicted in federal court." 320 F.3d 1230, 1234 (11th Cir. 2003). We stated that "these potential consequences are clearly collateral" and neither the court nor counsel "were constitutionally required to make him aware of them." *Id.*; *see also Wright v. United States*, 624 F.2d 557, 561 (11th Cir. 1980) ("[A] plea's possible enhancing effect on a subsequent sentence is merely a collateral consequence of the conviction; it is not the type of consequence about which a defendant must be advised before the defendant enters the plea."). Nevertheless, we discern an important difference between a failure to inform and affirmative misinformation.

6

*See Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989). "Counsel's affirmative misrepresentation in response to a specific inquiry from the defendant may, however, under certain circumstances, constitute ineffective assistance of counsel." *United States v. Campbell*, 778 F.2d 764, 768-69 (11th Cir. 1985). Thus, at issue, is whether the statements of Cadet's state court counsel were affirmative misrepresentations.

Although Cadet did not specifically ask his counsel if his plea could be used to enhance his sentence if he were later convicted in a federal court, he indicated his concern about a criminal record in his discussions with his counsel prior to entering the guilty plea.[3] Cadet's state court counsel advised him that by accepting the guilty plea he would have no record, that the plea would not be used against him in any future proceedings, and that a withhold of adjudication of guilt meant there would be no adjudication of guilt, no criminal record, and no adverse consequences. Cadet argues that this advice was affirmative misinformation. According to Cadet, the result of counsel's misinformation is that he entered his guilty plea under the mistaken belief that he was not a felon.

Cadet was informed by counsel and the state court judge that his withhold of adjudication could potentially have some adverse effects, i.e., due to his plea he

---

[3]At the initial sentencing hearing on January 27, 2004, this factual proffer was accepted by the government and the district court.

could lose his driver's license or be deported if an alien, but he was also specifically told that he was not a felon as a result of his guilty plea. Thus, the district court erred in finding that Cadet's alleged prior conviction was constitutionally valid and applying the § 851 enhancement.

### III. CONCLUSION

We affirm the district court's denial of Cadet's motion to suppress and motion for judgment of acquittal. We vacate Cadet's sentence and remand to the district court for re-sentencing consistent with this opinion and the Supreme Court's decision in *Booker*.

**CONVICTIONS AFFIRMED; SENTENCE VACATED AND REMANDED FOR RE-SENTENCING.**