[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-12201
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 20, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-00087-CV-J-32-MCR

RICKEY EDWARD FILLMORE,
a.k.a.
Johnny Leslie Simmons,

                                                            Petitioner-Appellant,

versus

SHERIFF NEIL PERRY,
ATTORNEY GENERAL, STATE OF FLORIDA,

                                                            Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(January 20, 2006)**

Before TJOFLAT, BIRCH and WILSON, Circuit Judges.

PER CURIAM:

Rickey Edward Fillmore, a Florida prisoner, proceeding pro se, appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-32, 110 Stat. 1214 (1996), governs this appeal because Fillmore filed his motion after the AEDPA's effective date. We granted a certificate of appealability solely on the following question: whether the district court, based on the record before it, erred in denying appellant's claim that his state court guilty plea was involuntary.

On appeal, Fillmore argues that the state circuit court participated in his plea negotiation by stating that it would recommend that Fillmore serve his probation in Indiana and, because of the court's participation and promise, Fillmore was induced to plead guilty. Fillmore further contends that the district court erred in denying his involuntary plea claim without reviewing the transcript from the state court plea hearing and in failing to compel the State to submit the transcript to the court for review. He also maintains that the transcript is crucial to the district court's determination that he was given a full and fair hearing in the state court and whether the state court's participation in the plea hearing resulted in an involuntary plea.

When reviewing a district court's denial of a § 2254 petition, we review

2

"questions of law and mixed questions of law and fact *de novo*, and findings of fact for clear error." *LeCroy v. Sec'y, Fla. Dep't of Corrections*, 421 F.3d 1237, 1259 (11th Cir. 2005). Moreover, "[t]he district court's determination of whether the state court decision was reasonable . . . is subject to *de novo* review." *Id*. (internal quotation and citation omitted).

A § 2254 petition shall not be granted unless a "claim that was adjudicated on the merits" by the state court:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). In a § 2254 proceeding, "a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Further, "[a] petitioner has the burden of establishing his right to federal habeas relief and of proving all facts necessary to show a constitutional violation." *Romine v. Head*, 253 F.3d 1349, 1357 (11th Cir. 2001). Rule 5 of the rules governing § 2254 cases, however, requires that the State's answer to the petition contain the following:

what transcripts (of pretrial, trial, sentencing, or post-conviction

3

proceedings) are available, when they can be furnished, and what proceedings have been recorded but not transcribed. The [State] must attach to the answer parts of the transcript that the [State] considers relevant. The judge may order that the [State] furnish other parts of existing transcripts or that parts of untranscribed recordings be transcribed and furnished. If a transcript cannot be obtained, the [State] may submit a narrative summary of the evidence.

Rule 5(c), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. Such transcripts are crucial because without them, a petitioner would find it difficult if not impossible to satisfy the steep burden of being entitled to habeas relief.

As an initial matter, Fillmore's involuntary plea claim is not procedurally barred because of a failure to exhaust the claim in the state court proceedings. Based on a liberal construction of Fillmore's pleadings, he raised his claim in his Florida Rule of Criminal Procedure 3.850 motion before the state circuit court and the Fifth District Court of Appeal ("DCA"), and in his petition for writ of habeas corpus in the DCA.

As to the merits of Fillmore's claim, Fillmore bears the burden of proving the facts that establish a constitutional violation and his right to habeas relief. *See Romine*, 253 F.3d at 1357 (explaining that where "the evidence does not clearly explain what happened, or more accurately why something failed to happen, the party with the burden loses"). However, under Rule 5 of the rules governing § 2254 cases, the State must provide, and indicate the availability of, any relevant

4

transcripts, and, if such transcripts are not available, the State may submit a narrative summary of the evidence. Rule 5(c), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. The State failed to provide or indicate the availability of the transcript from Fillmore's plea hearing in its response to Fillmore's petition. Without receiving such a transcript or narrative, Fillmore was not afforded an opportunity to meet his burden with regards to overcoming the presumption of correctness of the state court's factual findings. Accordingly, the district court inappropriately applied this presumption of correctness regarding whether Fillmore's plea was voluntary without Fillmore having access to all of the information guaranteed under Rule 5 and needed to rebut this presumption. *Cf. Wilson v. Cooke*, 814 F.2d 614, 615 (11th Cir. 1987) (per curiam) (district court could not rely on magistrate's recommendation regarding habeas petition when the magistrate did not meet its obligation to furnish a transcript of the evidentiary hearing that was the basis for the recommendation). Additionally, we cannot give appropriate appellate review without either a transcript or narrative on the record. *See id.*

Accordingly, we vacate and remand to the district court with instructions for the court to require the State to comply with Rule 5 and to determine whether a transcript of Fillmore's plea hearing exists or a recording of it is available for transcription.

**VACATED AND REMANDED.**