[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 2, 2006
THOMAS K. KAHN
CLERK

No. 05-13617
Non-Argument Calendar

_____

D. C. Docket No. 05-00064-CV-5-CAR

CEDRIC BERNARD PICKARD,

Petitioner-Appellant,

versus

PAUL THOMPSON,
Warden, Telfair State Prison,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(March 2, 2006)**

Before DUBINA, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Cedric Bernard Pickard, serving three consecutive life sentences without the

possibility of parole for aggravated child molestation and kidnaping, appeals the

district court's dismissal of his federal habeas petition filed pursuant to 28 U.S.C. § 2254. Pickard argues that his trial counsel was constitutionally ineffective because he failed to inform Pickard that he would be ineligible for parole if he was tried and convicted. Pickard claims that if he had known he would not be eligible for parole, he would have accepted the state's plea offer of ten years imprisonment. Pickard also argues that the district court erred by denying his ineffective assistance of counsel challenge without independently reviewing the trial transcript and motion for a new trial. For the following reasons, we affirm.

On appeal, we review the district court's findings of fact under the clearly erroneous standard, Tinker v. Moore, 255 F.3d 1331, 1332 (11th Cir. 2001) (citing Cunningham v. Zant, 928 F.2d 1006, 1011 (11th Cir. 1991)), and we review questions of law and mixed questions of law and fact de novo, id. at 1332 (citing Jacobs v. Singletary, 952 F.2d 1282, 1288 (11th Cir. 1992)).

Section 2254 provides that we may grant a writ of habeas corpus under two circumstances. First, if the state decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or second, if the state decision was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

2

Pickard's first claim is that he was denied effective assistance of counsel because he was not told that he would be ineligible for parole if he went to trial and was convicted.[1]  We have held that counsel is not constitutionally ineffective by failing to inform a defendant of "collateral consequences" of a guilty plea.  United States v. Campbell, 778 F.2d 764, 768 (11th Cir. 1985) (holding that "counsel's failure to advise the defendant of the collateral consequences of a guilty plea cannot rise to the level of constitutionally ineffective assistance").  In addition, in Holmes v. United States, we held that "parole eligibility is a collateral rather than a direct consequence of a guilty plea."  Holmes v. United States, 876 F.2d 1545, 1548-49 (11th Cir. 1989); see also Hill v. Lockhart, 474 U.S. 52, 54-55 (1985).  Moreover, we have held previously that a district court's failure to inform a defendant of potential parole implications does not violate the requirement that a plea be voluntary and an intelligent choice among the alternative courses of action.  United States v. Morse, 36 F.3d 1070, 1072 (11th Cir. 1994) ("[I]t was not a violation of [Fed. R. Crim. P. 11] to fail to advise a defendant of his ineligibility for parole." (citing Holmes, 876 F.2d 1545 (11th Cir. 1989))).  Because parole

---

[1] To demonstrate ineffective assistance of counsel under Strickland v. Washington a petitioner first "must show that counsel's performance was [constitutionally] deficient." Strickland v. Washington, 466 U.S. 668, 687 (1984).  Second, the petitioner must establish that the deficient performance prejudiced the defense.  Id.  The Supreme Court has held "that the two-part [Strickland] test applies to challenges to guilty pleas based on ineffective assistance of counsel."  Hill v. Lockhart, 474 U.S. 52, 58 (1985).

3

eligibility is a collateral consequence of a sentence, trial counsel was not ineffective based on his <u>failure to inform</u> Pickard that he would be ineligible for parole if he went to trial and was convicted.[2]

As for Pickard's second claim, that the district court erred by failing to review the trial transcript and motion for a new trial, we hold that, under the facts of this case, the district court did not err. We have held that "[w]henever any party files a timely and specific objection to a finding of fact by a magistrate, the district court has an obligation to conduct a <u>de novo</u> review of the record with respect to that factual issue." <u>Stokes v. Singletary</u>, 952 F.2d 1567, 1576 (11th Cir. 1992) (quoting <u>LoConte v. Dugger</u>, 847 F.2d 745, 750 (11th Cir. 1988) (internal quotation marks omitted)); <u>see</u> <u>Fillmore v. Perry</u>, No. 05-12201, 2006 WL 151793, at *2 (11th Cir. Jan. 20, 2006) (citing <u>Wilson v. Cooke</u>, 814 F.2d 614, 615 (11th Cir. 1987) (holding that district court could not rely on magistrate's recommendation regarding habeas petition when the magistrate did not meet its

---

[2] We note that the instant case, where Pickard claims he was <u>not</u> informed of his eligibility of parole, is substantially different than the case where the petitioner claims he <u>was given misinformation</u> about parole. <u>Holmes</u>, 876 F.2d at 1552-53 n.8 (holding that we "recognize the distinction between failure to inform and giving misinformation," and stated that "[e]ven if the Sixth Amendment does not impose on counsel an affirmative obligation to inform clients of the parole consequence of their pleas . . . other courts have recognized a distinction between failure to inform and giving misinformation." (citations omitted)); <u>see also</u> <u>United States v. Cadet</u>, 138 Fed.Appx. 272, 274 (11th Cir. 2005) ("Counsel's affirmative misrepresentation in response to a specific inquiry from the defendant may, however, under certain circumstances, constitute ineffective assistance of counsel." (quoting <u>Cambell</u>, 778 F.2d at 768-69)).

obligation to furnish a transcript of the evidentiary hearing that was the basis for the recommendation)); see also 28 U.S.C. § 636(b)(1)(C) (stating that when a party timely files written objections to a magistrate's proposed findings and recommendations, "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Moreover, "an appellate court must be satisfied that a district judge has exercised his non-delegable authority by considering the actual testimony, and not merely by reviewing the magistrate's report and recommendations." United States v. Elsoffer, 644 F.2d 357, 359 (5th Cir. 1981).

Nonetheless, the district court's alleged failure to review the transcripts and motion for a new trial in this case does not constitute a reversible error, as there are no facts in dispute. It is clear from the record that trial counsel failed to inform Pickard of his ineligibility for parole. See Pickard v. Thompson, No. 05-CV-64 (CAR), 2005 WL 1522585, at *3 (M.D. Ga. June 24, 2005) ("Counsel did fail to inform petitioner that due to recidivist sentencing he would not be eligible for parole, but, as correctly noted by the Court of Appeals, there is no constitutional requirement that a defendant be advised of such collateral consequences for his decision to reject or accept a plea offer to be valid."); Pickard v. State, 572 S.E. 2d 660, 662 (Ga. Ct. App. 2002) ("The only information Pickard's counsel failed to

5

relay was that, due to recidivist sentencing, Pickard would not be eligible for parole."). As we stated above, however, these facts do not rise to the level of a constitutional violation. Thus, even if we accept as true all the facts set forth by Pickard, the district court did not err by holding that Pickard was not provided with effective assistance of counsel.

Upon a review of the record and upon consideration of the parties' briefs, we discern no reversible error.

**AFFIRMED.**