[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 07-10331
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 7, 2007
THOMAS K. KAHN
CLERK

D. C. Docket Nos.
04-00109-CV-JTC-3
01-00006-CR-7-J

DONALD BROOKS,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

**(September 7, 2007)**

Before DUBINA, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Donald Brooks, a federal prisoner serving a life sentence for conspiracy to

possess with intent to distribute at least five kilograms of cocaine and at least fifty

grams of cocaine base, appeals the district court's order denying his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence, in which he asserted, among other things, that he had received ineffective assistance of counsel, based on his trial attorney's failure to fully apprise him of the risks associated with rejecting the government's plea offer and proceeding to trial. According to Brooks, these risks, of which he was not informed, included that, upon conviction, he would receive a life sentence as a recidivist offender, under 21 U.S.C. § 841, and that if sentenced to life, he would not be eligible for parole. On appeal, Brooks argues the district court erred by rejecting his claims, because he satisfied his burden under the two-part test of Strickland v. Washington, 466 U.S. 668, 687-88 (1984).

A district court's legal conclusions in a 28 U.S.C. § 2255 proceeding are reviewed de novo, and its factual findings are reviewed for clear error. Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004). Whether a defendant ultimately has received ineffective assistance of counsel is a mixed question of fact and law reviewed de novo. Mincey v. Head, 206 F.3d 1106, 1142 (11th Cir. 2000).

After thorough review of the record and careful consideration of the parties' arguments, we affirm.

The relevant facts are straightforward. After Brooks pled not guilty to the charged cocaine conspiracy, a jury ultimately returned a guilty verdict. He was

sentenced, as a recidivist, to a life term, pursuant to 21 U.S.C. § 841.  At the sentencing hearing, the district court inquired as to Brooks's trial counsel's position regarding the "statutory mandatory minimum sentence," and counsel responded:

> Judge, I thought I had a good argument.  There is a distinction between prior felonies when you look at career guideline definition, but I did some more research between the time Mr. Elder submitted the report to you and today, and there is an [Eleventh] Circuit case that refers to 21 United States Code Section 802 subsection I think it's 40 that has a broader definition of prior felony.  In light of the [United States v. Hansley, 54 F.2d 709 (11th Cir. 1995)] case out of the [Eleventh] Circuit, I think that the sentence would be life at this point.

In his memorandum of law filed in support of his § 2255 motion, Brooks claimed that he received ineffective assistance of trial counsel because, although he understood that a conviction might result in a life sentence based on the Sentencing Guidelines, counsel never advised him, in connection with his decision to plead not guilty and proceed to a jury trial, that, if convicted, he would be sentenced, as a recidivist, to a "guaranteed" life term, under the mandatory minimum provisions of 21 U.S.C. § 841(a).  Brooks also argued that counsel was ineffective for failing to tell him that if convicted, he would be ineligible for parole.  Brooks asserted that as a result of his trial attorney's ineffectiveness, he was unable to make an informed decision on whether to accept the government's plea offer of a 20-year sentence, which he "probably" would have accepted had he been adequately informed.

3

Without holding an evidentiary hearing, the district court denied Brooks's ineffective-assistance-of-counsel claims regarding his counsel's alleged failure to adequately advise him of the consequences of a conviction in connection with his "not guilty" plea.[1] With respect to Brooks's claim "that he was not made aware of the possibility he would serve a life sentence if he was convicted," the court concluded that Brooks did not lack a full understanding of the risks of going to trial and, consequently, was able to make an intelligent choice of whether to accept a plea or proceed to trial, because he had admitted that he was aware that he could receive a life sentence under the Sentencing Guidelines, if convicted.

As for Brooks's claim that counsel failed to advise him that a federal sentence did not include the possibility of parole, the district court determined that Brooks could not show that his trial counsel's performance was constitutionally deficient, because counsel's failure to inform Brooks about parole possibilities was objectively reasonable, particularly when compared to cases in which courts have found deficient performance based on erroneous advice concerning parole. In reaching this conclusion, the district court explained its reasoning as follows:

---

[1] The district court referred to a magistrate judge consideration of Brooks's claim that counsel was ineffective by allegedly preventing him from testifying. After an evidentiary hearing on that claim, the magistrate judge recommended denial of the claim. In its final order, the district court adopted the magistrate judge's recommendation. The disposition of that claim is not at issue in this appeal.

Brooks contends that he was never made aware that a federal sentence came without the possibility of parole: "I believed that if I was convicted and received a life sentence, I would be eligible for parole in seven years." Tellingly, Brooks does not assert that his counsel told him he would be eligible for parole in seven years, or even that he communicated this belief to the attorney and relied on his silence. There is considerable authority for the proposition that erroneous advice regarding parole may constitute deficient performance. McAdoo v. Elo, 365 F.3d 487, 499 (6th Cir. 2004). These courts distinguish, however, between giving bad advice and giving nothing at all. See id. ("Affirmative misstatements about parole possibilities are more objectively unreasonable than failure to inform the defendant about the parole possibilities."); accord James v. Cain, 56 F.3d 662, 667 (5th Cir. 1995). Indeed, the practical significance of the distinction was noted by the Third Circuit when it determined that, while "a defendant does not have a constitutional right to be provided parole eligibility information prior to entering a plea, . . . any information that is provided by defense counsel must be accurate." Meyers v. Gillis, 142 F.3f 664, 667 n.2 (3rd Cir. 1998) (citations omitted).

Thus, the district court concluded that affirmative misstatements about parole possibilities were more objectively unreasonable than what occurred here -- a failure to inform about those possibilities.

The district court granted Brooks a certificate of appealability ("COA") on the following issue: "whether Petitioner was denied the right to effective assistance of counsel by his attorney's 'fail[ure] to inform [Petitioner] about the consequences that would result from a conviction at trial.'"[2] This appeal followed.

_____

[2]In issuing the COA, the district court stated:

When the Court determined that counsel's failure to inform Petitioner

"The Sixth Amendment guarantees criminal defendants the effective assistance of counsel." Yarbrough v. Gentry, 540 U.S. 1, 5 (2003). The legal standard governing ineffective-assistance-of-counsel claims is set forth in Strickland v. Washington, 466 U.S. 668 (1984), in which the Supreme Court established a two-prong test for adjudicating such claims. See also Hill v. Lockhart, 474 U.S. 52, 58 (1985)(holding that "the two-part Strickland v. Washington test applies to challenges to guilty pleas based on ineffective assistance of counsel"). First, a movant must show that counsel's performance was deficient. Strickland, 466 U.S. at 687. The proper measure of attorney performance is "reasonableness under prevailing professional norms." Id. at 688. Counsel is "strongly presumed" to have rendered adequate assistance and to have exercised reasonable professional judgment. Id. at 690. Counsel's performance is deficient if counsel made errors so egregious that he was not functioning as the counsel guaranteed under the Sixth Amendment. Id. at 687. Second, a movant must show that the deficient performance prejudiced the defense. Id. Where an

of the non-possibility of parole did not constitute ineffective assistance of counsel, it relied upon cases from the Third, Fifth, and Sixth Circuits because the Eleventh Circuit has not addressed the question. Although the Court believes that [counsel's] failure, if true, to inform Petitioner that the sentence resulting from a federal conviction comes without the possibility of parole does not constitute ineffective assistance of counsel, the Eleventh Circuit should be given an opportunity to consider the question.

6

ineffective-assistance-of-counsel claim relates to the entry of a guilty plea, a movant "must show that there is a reasonable probability that, but for counsel's errors, he would . . . have pleaded guilty and would [not] have insisted on going to trial." Coulter v. Herring, 60 F.3d 1499, 1504 (11th Cir. 1995) (quotation omitted) (citing Hill v. Lockhart, 474 U.S. 52, 59 (1985)). "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." Strickland, 466 U.S. at 693.

On appeal, Brooks argues that his trial counsel was ineffective for misadvising him as to his maximum sentencing exposure under the Sentencing Guidelines, rather than the life term he faced as a recidivist, under 21 U.S.C. § 841, and failing to tell him that he would not have the possibility of parole in connection with any sentence imposed.[3] Brooks asserts that had his trial counsel informed him that he faced a life sentence without the possibility of parole if convicted at trial, he "probably" would have accepted the government's plea offer. Brooks maintains that because of trial counsel's misapprehension of the law, trial counsel's advice was unreasonably deficient and influenced his decision to accept the government's plea offer.

---

[3] As an initial matter, we disagree with the government's suggestion that the COA does not encompass both of these arguments. Construing the issue specified in the COA, in light of the pleadings and other parts of the record, we will address Brooks's "miscalculation" claim, as it reasonably comes with the context of his parole claim and the COA issued for that claim.

7

With respect to Brooks's claim that he was misadvised concerning the sentence he faced and that this somehow affected his decision to plead not guilty and proceed to trial, we are unpersuaded. Brooks alleged, based on comments made by his attorney at sentencing, that counsel mistakenly did not think that Brooks faced a mandatory life sentence under 21 U.S.C. § 841, but rather that Brooks faced a Guidelines sentence of something less than life imprisonment. At no point, however, has Brooks <u>ever</u> so much as alleged that his trial counsel relayed this information to him, in connection with the plea negotiations, which had occurred <u>well</u> before Brooks's sentencing hearing. Indeed, in his § 2255 filings, Brooks acknowledged the he was aware he faced a life sentence if convicted at trial. On this record, because Brooks never alleged that counsel relayed any "miscalculation" with him during plea negotiations, Brooks failed to allege a sufficient ineffective-assistance-of-counsel claim.

As for Brooks's claim concerning his attorney's failure to tell him that he would not be eligible for parole, in <u>Holmes v. United States</u>, 876 F.2d 1545, 1552 (11th Cir. 1989), we considered a similar issue, although we "le[ft] open the issue of what circumstances may exist under which erroneous advice as to eligibility for parole may be deemed constitutionally ineffective assistance of counsel." In <u>Holmes</u>, we recognized, however, a "distinction between failure to inform and

8

giving misinformation" and noted that the failure to inform is less likely to constitute ineffective assistance of counsel. Id. n.8 (citing Strader v. Garrison, 611 F.2d 61, 64-65 (4th Cir. 1979)(holding that misinformation of parole consequences is ineffective assistance of counsel)).

Moreover, in United States v. Campbell, 778 F.2d 764 (11th Cir. 1985), we found that an attorney did not render ineffective assistance by failing to inform a defendant of "collateral consequences," which we also have held include parole eligibility, as opposed to "direct consequences," resulting from of a guilty plea. See 778 F.2d at 768 (failure to inform defendant of collateral consequences is not ineffective assistance); Holmes, 876 F.2d at 1549 ("parole eligibility is a collateral rather than a direct consequence of a guilty plea"); see also United States v. Morse, 36 F.3d 1070, 1072 (11th Cir. 1994) (holding that a district court's failure to inform a defendant of potential parole implications does not violate the requirement that a plea be voluntary and an intelligent choice among the alternative courses of action (citing Holmes, 876 F.2d at 1548)).

From our review of the record, it is clear that Brooks's allegations concern a failure to inform, and not misinformation, and accordingly the district court did not err by rejecting Brooks's ineffective-assistance-of-counsel claim. This conclusion is further supported by the fact that Brooks has acknowledged that he was aware

9

that he could receive a sentence of life imprisonment if he proceeded to trial and was convicted, and so he was aware of his maximum possible sentence. Moreover, since we held that parole eligibility is only a collateral consequence of a guilty plea, and that counsel is not ineffective for failing to advise on collateral consequences, trial counsel's failure to inform Brooks regarding parole did not constitute objectively unreasonable performance.

Finally, we note that even if Brooks satisfied his burden on the first prong of <u>Strickland</u>, he would not be able to satisfy the prejudice prong of the two-part test. The record reflects that throughout the entire case, Brooks had not expressed any desire or intent to plead guilty. In his declaration, Brooks asserted that he was wrongly accused and the testimony of his codefendants that implicated him in unsuccessful attempts to purchase cocaine and marijuana was false. He also said that had he been allowed to testify at trial, he would have explained that he was not aware of any drug deals and did not know most of his codefendants. Even in this Court, he says only that he "probably" would have pled guilty. On this record, which includes Brooks's adamant and consistent assertions of innocence and his skepticism regarding the government's plea offer, we cannot conclude that but for

10

either of the instances of alleged ineffective, Brooks would have pled guilty, or that

even if he did, the district court would have accepted the plea.[4]

In sum, the district court did not clearly err in its factual findings, nor did it

commit legal error, in its analysis and denial of Brooks's § 2255 motion.

**AFFIRMED.**

---

[4]We also reject Brook's argument that he was entitled to an evidentiary hearing on his § 2255 motion.  He failed to satisfy his burden to "allege[ ] facts that, if true, would entitle him to relief." Aron v. United States, 291 F.3d 708, 714-15 (11th Cir. 2002) (citation omitted).