[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-11531
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 2, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 08-00203-CR-WS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LAKENDRICK SHANCHEZ MARSHALL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(December 2, 2009)

Before EDMONDSON, BIRCH and FAY, Circuit Judges.

PER CURIAM:

Lakendrick Shanchez Marshall appeals from his conviction for possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a). On appeal, Marshall argues that his guilty plea was invalid because it was unknowing and involuntary and, as result, did not satisfy the due process concerns articulated by the Supreme Court in Boykin v. Alabama, 395 U.S. 238, 242-43, 89 S.Ct. 1709, 1711-13, 23 L.Ed.2d 274 (1969). Specifically, Marshall argues that his plea was invalid because the district court did not expressly inform him at his plea colloquy that the government was not required to file a substantial-assistance motion on his behalf. Finally, Marshall indicates that the district court did not fully provide him with the opportunity to allocute at sentencing. For the reasons set forth below, we affirm.

## I.

In 2008, a federal grand jury indicted Marshall on one count of possession with intent to distribute 54 grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1). Marshall and the government entered into a written plea agreement, whereby Marshall agreed to plead guilty to the indictment. The plea agreement included a provision generally stating that, if Marshall provided substantial assistance to the government in its prosecution of others, the government, in its sole discretion, could file a motion to reduce Marshall's sentence under U.S.S.G.

2

§ 5K1.1 or Fed.R.Crim.P. 35. Specifically, this provision stated, in relevant part, that:

> If the defendant provides full, complete, truthful and substantial cooperation to the United States, which results in substantial assistance to the United States in the investigation or prosecution of another criminal offense, a decision specifically reserved by the United States in the exercise of its sole discretion, then the United States agrees to move for a downward departure in accordance with Section 5K1.1 of the United States Sentencing Guidelines or Rule 35 of the Federal Rules of Criminal Procedure, whichever the United States deems applicable. The United States specifically reserves the right to make the decision relating to the extent of any departure request made under this agreement based upon its evaluation of the nature and extent of the defendant's cooperation. The defendant understands that the United States will make no representation or promise with regard to the exact amount of reduction, if any, the United States might make in the event that it determines that the defendant has provided substantial assistance . . . If the defendant's effort to cooperate with the United States does not amount to substantial assistance as determined solely by the United States, the United States agrees to recommend to the district court judge who sentences the defendant that the defendant receive a sentence at the low end of the applicable advisory guideline range.

Marshall signed a statement in which he averred that he had read the plea agreement and "carefully reviewed every part of it with [his] attorney." He further averred that he understood the plea agreement and voluntarily agreed to it. In addition, Marshall's attorney signed a statement in which he averred that he had carefully reviewed each portion of the plea agreement with Marshall, and that, in his opinion, Marshall's decision to plead guilty was knowing and voluntary.

3

The court held a change-of-plea hearing, during which Marshall was placed under oath and informed that he would be subject to prosecution for perjury if he made a false statement. Marshall averred that he understood the charge set forth in the indictment, and that he had signed and agreed to the plea agreement and factual resume. He acknowledged that, by signing the plea agreement, he had represented that he had read the plea agreement and discussed it with his attorney, and that he understood the terms of the agreement. Marshall stated that no one had pressured, influenced, or coerced him into signing the plea agreement, and that he understood that he faced a sentence between 120 months' to life imprisonment.

The court informed Marshall that by pleading guilty, he waived his right to a jury trial and its attendant rights, such as the rights to testify or not testify, and present witnesses in his own defense. The court reviewed with Marshall that only the court had the authority to sentence him, and that the court was not bound by any agreements or recommendations made by the parties concerning Marshall's sentence. Finally, the court reviewed the elements of Marshall's offense, and Marshall stated that the government could prove beyond a reasonable doubt that he was guilty of the offense. During the hearing, the court did not specifically mention the substantial-assistance provision of Marshall's plea agreement. The court accepted Marshall's guilty plea. None of the parties raised any objections to

4

the plea colloquy or plea agreement. During the hearing, none of the parties specifically mentioned the substantial-assistance provision of the plea agreement.

During the months following his plea colloquy, Marshall sent three letters to the court, which he wrote and filed without the assistance of counsel. In two of these letters, Marshall generally asked the court to have mercy on him at sentencing. In his third letter, Marshall stated that he had provided substantial assistance to the government by "giving up" between seven and ten people. The remainder of this letter was devoted to other matters concerning Marshall's sentencing, and he did not otherwise mention his assistance to the government or the substantial-assistance provision of his plea agreement.

Thereafter, at sentencing, Marshall noted that the government had not filed a substantial-assistance motion recommending that his sentence be reduced. Marshall advised that he had met with law enforcement officers and had made a factual proffer, and that between three to five individuals implicated in this proffer had since been arrested. The court then asked Marshall if there was anything he would like to say before sentence was imposed. Marshall made a personal statement to the court, in which he generally expressed remorse for his offense.

After Marshall made his personal statement, the government stated that Marshall did provide information to law enforcement officers, but that the

5

information had not yet provided the government with assistance in its prosecution of others. The government also stated, however, that it would file a motion to reduce Marshall's sentence if his proffer led to the future arrest or prosecution of any individuals. At this point, the court, Marshall's attorney, and Marshall engaged in the following exchange:

| | |
|---|---|
| Marshall: | Judge, I got one thing, a problem about what Mr. -- |
| Marshall's Counsel: | Whoa, whoa, whoa, whoa, whoa, whoa. We don't have no problems, huh? |
| Marshall: | No, I don't have a problem, but I'm saying I got some concern about what [the prosecutor] said -- |
| Marshall's Counsel: | No, no, don't. Hold on. Hold on. Let's just be quiet right now. Let me call him on it, okay? Let me follow up. We've got a time and a place for that. It's not right now. |
| The court: | All right. Okay. Anything further from the government? |

Thereafter, the court sentenced Marshall to a term of 151 months' imprisonment. The court asked Marshall if he had "any objections or other matters that we need to put on the record at this time?" Marshall responded that he had no objections.

## II.

"Constitutional objections not raised before the district court are reviewed

6

only for plain error." United States v. Moriarty, 429 F.3d 1012, 1018 (11th Cir. 2005). In order to demonstrate plain error, "a defendant must show there is (1) error, (2) that is plain, and (3) that affects substantial rights." Id. at 1019. If these three conditions are satisfied, this Court may exercise its discretion to correct the error if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. (quotation omitted). In order to demonstrate that an error made during a plea colloquy affected a defendant's substantial rights, the defendant must show that, but for the error, he would not have pled guilty. United States v. Dominguez Benitez, 542 U.S. 74, 83, 124 S.Ct. 2333, 2340, 159 L.Ed.2d 157 (2004). In order for an error to be "plain" for purposes of plain-error review, "it must be plain under controlling precedent or in view of the unequivocally clear words of a statute or rule." United States v. Lett, 483 F.3d 782, 790 (11th Cir. 2007).

Because a guilty plea results in a defendant's conviction and his waiver of numerous constitutional rights, due process requires that a district court may not accept a defendant's guilty plea in the absence of an affirmative showing that the plea was knowing and voluntary. Boykin, 395 U.S. at 242-43, 89 S.Ct. at 1711-13; Moriarty, 429 F.3d at 1019. One of the purposes of Fed.R.Crim.P. 11 is to assist the district court in making the constitutionally required determination that a guilty

7

plea is knowing and voluntary.  McCarthy v. United States, 394 U.S. 459, 465, 89 S.Ct. 1166, 1170, 22 L.Ed.2d 418 (1969); See also United States v. Morse, 36 F.3d 1070, 1072 (11th Cir. 1993).  "Three core concerns underlie [Rule 11]: (1) the guilty plea must be free from coercion; (2) the defendant must understand the nature of the charges; and (3) the defendant must know and understand the consequences of his guilty plea." United States v. Siegel, 102 F.3d 477, 481 (11th Cir. 1996).  Regarding Rule 11's third core concern, this Court has explained that the court must ensure only that the defendant is aware of the direct consequences of his guilty plea.  United States v. Lejarde-Rada, 319 F.3d 1288, 1291 (11th Cir. 2003).  "Rule 11 does not require a sentencing court to inform a defendant of every possible consequence of his plea."  Morse, 36 F.3d at 1072.

A defendant's right to allocute requires that a district court invite the defendant to speak before sentence is imposed.  United States v. Carruth, 528 F.3d 845, 846-47 (11th Cir. 2008)

## III.

We conclude that plain-error review applies to Marshall's argument on appeal because he failed to object, either at his plea colloquy or at sentencing, that he did not understand the substantial-assistance provision of his plea agreement, or that there was otherwise any problem with his guilty-plea hearing.  While Marshall

8

mentioned in one of his pro se letters to the court that he had provided information to the government, he did not indicate that he did not understand the substantial-assistance provision of his plea agreement. Moreover, a fair reading of the sentencing transcript reflects that Marshall attempted to take issue with the government's assertion that his information had not resulted in substantial assistance in its prosecution of others, and that he did not attempt to make a statement concerning his understanding of the plea agreement. Thus, Marshall failed to apprise the district court of any objection to his guilty plea hearing, and plain-error review applies to his argument that his plea was invalid.

Marshall cannot demonstrate that the district court committed plain error by failing to specifically state at his plea colloquy that the government was not required to file a substantial-assistance motion on his behalf. The record demonstrates that the district court properly verified that Marshall's plea complied with the requirements of due process by ensuring that his plea satisfied Rule 11's core concerns. Specifically, the court verified that Marshall: (1) did not plead guilty due to coercion; (2) understood the nature of the charges against him; and (3) understood the direct consequences of his plea, such as his waiver of the right to go to trial and its attendant rights. In addition, the record indicates that Marshall understood that the government was not obligated to file a substantial-assistance

9

motion in his case because Marshall signed a statement indicating that he understood the entire plea agreement, and the agreement stated that the government possessed sole discretion as to whether it would file such a motion. Marshall also signed a statement in which he averred that his attorney had reviewed "every part" of the plea agreement with him. Marshall's attorney signed a nearly identical statement. During his change-of-plea hearing, Marshall informed the court that he had reviewed the plea agreement with his attorney and understood its terms and conditions. Thus, Marshall's contention that he did not actually understand the substantial-assistance provision is belied by his representations to the court.

Even if Marshall could demonstrate that the district court erred, he could not demonstrate that this error was plain because there is no indication that Boykin requires that a district court specifically review a defendant's substantial-assistance provision with him before accepting his guilty plea. Because Marshall cannot demonstrate error, let alone plain error, we need not decide the issue of whether any error the district court may have made affected Marshall's substantial rights. We note, in any event, that the record does not indicate that Marshall would not have pled guilty if the district court had expressly stated at his plea colloquy that the government was not required to file a substantial-assistance motion in his case. Accordingly, Marshall cannot satisfy the requirements of plain-error review, and

10

his argument that his guilty plea was invalid lacks merit.

Finally, Marshall's contention that the district court deprived him of the opportunity to allocute also lacks merit because the court expressly invited Marshall to make a personal statement prior to sentencing, and Marshall took advantage of this opportunity.

**Conclusion**

Based on our review of the record and the parties' briefs on appeal, we affirm.

**AFFIRMED.**